**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| AMERICA SCIENCE TEAM RICHMOND, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> ENOCH CHAN, ) <br> ) <br> *Defendant*. ) | <br><br><br><br>Civil Action No. 3:22-cv-00451 |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS BY ELECTRONIC COMMUNICATION

Date: June 22, 2022

Stephen M. Faraci, Sr., Esquire (VSB #42748)
Robert N. Drewry, Esquire (VSB #91282)
W<small>HITEFORD</small>, T<small>AYLOR</small> & P<small>RESTON</small>, LLP
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone: (804) 977-3307
Facsimile: (804) 977-3298
E-Mail: sfaraci@wtplaw.com
E-Mail: rdrewry@wtplaw.com

*Counsel for Plaintiff, America Science Team Richmond, Inc.*

# TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND ................................................................................ 1
II. BACKGROUND ........................................................................................................ 2
III. ARGUMENT ............................................................................................................. 4
   A. This Court Is Empowered to Authorize Service Via Electronic Mail ............................. 4
   B. International Agreement Does Not Preclude or Prohibit Service By Email ................... 6
   C. Email Service Constitutes Valid Due Process ................................................................ 6
IV. CONCLUSION .......................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**
*BP Products North America, Inc v. Dagra* (232 F.R.D. 263, 264 (E.D. Va. 2005) ............... 5, 6, 7
*In re International Telemedia Ass'n, Inc.*, 245 B.R. 713, 719 (Bankr.N.D.Ga.2000) .................... 7
*Juul Labs, Inc. v. Unincorporated Ass'n Indentified in Schedule A*, No. 18-cv-01516 (LO/IDD), 2019 WL 4419337, at *2 (E.D. Va. Aug. 15, 2019) .................................................................. 6
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ................................... 6
*Overstock.com, Inc. v. Visocky*, No. 117CV1331LMBTCB, 2018 WL 5075511, at *3 (E.D. Va. Aug. 23, 2018) ............................................................................................................................. 6
*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ............................. 5, 7
*WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014) ........................................................................................................................................... 5
*Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 488 (N.D.W. Va. 2005) .......................................... 6

**Rules**
Fed. R. Civ. P. 4(f) ................................................................................................................ passim

**Treatises**
20 U.S.T. 361 (U.S.T.1969) ............................................................................................................ 5

Plaintiff, America Science Team Richmond, Inc. ("**AmeriSci Richmond**," "**AmeriSci**," or "**Plaintiff**"), a Virginia corporation, by counsel, submits this memorandum of law in support of its motion for an order authorizing service of process by electronic communication (e-mail) on Defendant, Enoch Chan ("**Chan**" or "**Defendant**"), pursuant to Rule 4(f) of the Federal Rules of Civil Procedure and in connection with AmeriSci's Complaint filed with this Court on June 22, 2022 (the "**Complaint**"). The Defendant, in this case, is a foreign citizen who has actively engaged in trade secret misappropriation for his personal benefit.

Through Defendant's misappropriation, misuse, mischaracterization, and distribution of Plaintiff's trade secrets, Defendant has successfully interfered with and disrupted Plaintiff's business dealings, particularly Plaintiff's proprietary protocols and marketing advantage within the laboratory market. Given the particular circumstances set forth herein, Plaintiff respectfully requests that the Court authorize service on Defendant pursuant to Rule 4(f)(3) using the email addresses provided to Plaintiff by Defendant and used consistently throughout the parties' employment relationship.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Complaint against Chan on July 7, 2021, establishing docket entry 3:21-cv-0047 (D.N. 1) (the "**Initial Complaint**"). Subsequently, a summons was issued on July 8, 2021, as to Defendant. (D.N. 3). Based on Plaintiff's knowledge, Defendant was located at one of three residences: either in Brooklyn, New York; Richmond, Virginia; or Ontario, Canada. (D.N. 6). Plaintiff engaged a private process server but was unable to effectuate personal service upon the Defendant at any of his purported United States residential addresses. *Id*. Following multiple unsuccessful attempts at effectuating service in the United States, Plaintiff engaged a Canadian private process server to effectuate service at Defendant's purported Canadian residential address. *Id*. In the accompanying affidavit of Plaintiff's Canadian process server, Dwight Gordon, Plaintiff

reported Gordon made two attempts to locate Enoch Chan at the given address of 18 Farmington Crescent, Scarborough, ON M1S 1G1. 212 S. *See* Affidavit of Attempted Service attached as **Exhibit A**. During these failed attempts to serve Chan, a neighbor informed Gordon that Chan had moved to New Zealand, though this was never confirmed. Plaintiff then filed a Motion for Extension of Time ("**Motion**"), which was granted on October 7, 2021. (D.N. 6-7). Plaintiff's Counsel then requested service on behalf of Defendant Chan from attorney, Stewart A. Sutton. Mr. Sutton has represented, and continues to represent, Chan in an unrelated matter. However, Mr. Sutton responded that he does not represent Chan for purposes of AmeriSci's lawsuit and, therefore, was not authorized to accept service of the Complaint on Chan's behalf. An Order of Abatement ("**Order**") was then issued due to the inability to serve Defendant with process within the time requirement pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Order dismissed the Initial Complaint without prejudice as to Chan. (D.N. 9).

## II. BACKGROUND

AmeriSci is an analytical environmental testing lab that provides a comprehensive range of services, including testing services for mold, bacteria, asbestos, and lead. *See* Complaint, ¶1. AmeriSci's principal place of business is Midlothian, Virginia, but the company also operates in Boston, Los Angeles, and New York through various affiliates. *See* Complaint, ¶¶ 2, 6.

AmeriSci has a team of experienced, trained and certified geologists, geochemists, mineralogists, chemists, biologists, microbiologists, environmental scientists, and other support team members. *See* Complaint, ¶ 14. These employees provide specialized analysis to AmeriSci's governmental and commercial customers. *See id.* AmeriSci has a proven record of service, including supporting the Federal Emergency Management Agency ("**FEMA**") at Ground Zero on September 11, 2001, and Centers for Disease Control and Prevention ("**CDC**") during the anthrax attacks in 2001. *See* Complaint, ¶13. Additionally, AmeriSci has served as a member of the

CDC's Laboratory Response Network ("**LRN**") – a network of laboratories whose capabilities include response to biological and chemical threats against the United States and other public health emergencies. *See id.*

AmeriSci maintains customer pricing, compensation data, computer processes, computer programs and codes, customer lists, customer preferences, financial information, marketing strategies, production processes, scientific data, technological data, human resources documents, training materials, and other confidential and proprietary business information and trade secrets (collectively, the "**Trade Secrets**"). *See* Complaint, ¶15. These Trade Secrets were designed over eight (8) years and are critical for AmeriSci's success in a highly competitive market. *See* Complaint, ¶¶ 16, 17. AmeriSci utilizes a virtual machine to conduct AmeriSci business by allowing a user to access all of their data through a secure system using any computer. *See* Complaint, ¶ 20. AmeriSci requires its employees to sign a Confidentiality, Non-Solicitation, and Non-Competition Agreement (the "**Agreement**") requiring employees to, among other things, not disclose, communicate or divulge any confidential information of AmeriSci. *See* Complaint, ¶ 23.

AmeriSci hired Defendant Chan as an entry-level Polarized Light Microscopy ("**PLM**") analyst on November 15, 2016. *See* Complaint, ¶ 29. Chan worked at the AmeriSci New York office until his transfer to the AmeriSci Richmond office on or around June 4, 2019. *See* Complaint, ¶¶ 29, 31. Chan worked for AmeriSci Richmond from September 25, 2019 to November 23, 2019 before going on family leave and never returning. *See* Complaint, ¶¶ 35, 36, 39, 45. During routine computer maintenance of its systems, AmeriSci's System Administrator discovered that approximately 70,000 files, or 20 gigabytes of data, was transferred from AmeriSci's Common Share folder to Chan's Virtual Machine (the "**Transfer**") on November 14, 2019. *See* Complaint, ¶¶ 38, 39. Chan's transfer consisted of data unrelated to Chan's assigned

job duties as a PLM analyst. *See* Complaint, ¶ 43. Instead, the transfer included human resources documents, marketing materials, purchase orders, and standard operating procedure documents for unrelated companies. *See id.* The data also included hundreds of files consisting of proprietary protocols for other departments and companies outside of PLM including Transmission Electron Microscopy ("**TEM**"), Phase Contrast Microscopy ("**PCM**"), and Microbiology. *See* Complaint, ¶ 43. Chan transferred over seventy-thousand (70,000) files when, in fact, he only needed one (1) to perform his job duty. *See* Complaint, ¶ 43. All of the information copied consisted of AmeriSci's confidential and proprietary Trade Secrets in direct violation of the Confidentiality, Non-Solicitation, and Non-Competition Agreement signed by Chan. *See* Complaint, ¶¶ 18, 43. The Trade Secrets could be used by Chan or a competitor to have a turnkey approach to opening a new, competing laboratory providing the same or similar services as AmeriSci with little effort. *See* Complaint, ¶ 43.

Plaintiff is currently, and will continue to be, significantly and negatively impacted by Defendant's actions unless Plaintiff is allowed to move against Defendant. Accordingly, due to the increasing and continuous risk of unauthorized selling and use of AmeriSci Trade Secrets and property, Plaintiff seeks leave of Court to serve the Complaint via email pursuant to Fed. R. Civ. P. 4(f)(3). Absent the ability to serve Defendant in this manner, Plaintiff will be left without the timely ability to fight Defendant's egregious behavior and will be irreparably harmed.

### III. ARGUMENT

In this case, Plaintiff seeks leave to serve foreign Defendant using the email addresses Defendant provided to Plaintiff in the course of their employment relationship.

#### A. This Court Is Empowered to Authorize Service Via Electronic Mail

Fed. R. Civ. P. 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: [...] or
>
> (3) by other means not prohibited by international agreement, as the Court orders.

As discussed in *BP Products North America, Inc v. Dagra* (232 F.R.D. 263, 264 (E.D. Va. 2005), the Hague Convention provides exemptions for signatory countries where the address of the foreign party to be served is unknown. "This Convention shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 (U.S.T.1969). "It is well-established that Rule 4(f) does not establish a hierarchy of the three mechanisms of service of process." *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *2 (E.D. Va. Feb. 20, 2014). As the court explained in *WhosHere,* service pursuant to Rule 4(f)(3) is neither a "last resort" nor extraordinary relief, but is merely one means among several to serve an international defendant. *Id.* (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). "Thus, Rule 4(f) does not impose an exhaustion requirement and the court can order service pursuant to Rule 4(f)(3) without requiring a plaintiff to first attempt service pursuant to Rule 4(f)(1) or Rule 4(f)(2)." *WhosHere*, 2014 WL 670817, at *2. Moreover, where service constitutes valid due process and is not prohibited by international agreement, it is within the sound discretion of the court to order alternative service of process under Rule 4(f)(3). *See WhosHere*, 2014 WL 670817, at *2. ("Recent decisions establish that Courts applying Rule 4(f)(3) can order any means of service so long as it provides reasonable assurance that defendant will be notified of the lawsuit and is not prohibited by international agreement. . . . Ultimately, the decision whether

to order alternative service of process under Rule 4(f)(3) is within the sound discretion of the court.") (internal citations omitted). As such, "[s]ervice of process through email generally satisfies constitutional due process." *Juul Labs, Inc. v. Unincorporated Ass'n Indentified in Schedule A*, No. 18-cv-01516 (LO/IDD), 2019 WL 4419337, at *2 (E.D. Va. Aug. 15, 2019).

### B. International Agreement Does Not Preclude or Prohibit Service By Email

Defendant Chan is a Canadian citizen existing under Canadian law. *See* Complaint, ¶ 7. The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters ("**Hague Convention**"), to which Canada is a signatory, does not preclude service by email, and Canada has filed no declarations to the Hague Convention which expressly prohibit email service. As such, there is no bar to court-directed email service under Rule 4(f)(3). *See Overstock.com, Inc. v. Visocky*, No. 117CV1331LMBTCB, 2018 WL 5075511, at *3 (E.D. Va. Aug. 23, 2018) ("This Court has held that service of process through electronic and online communications, such as email and social networking messages, do not violate the Hague Convention, or any other international agreement, unless specifically objected to by the country of the foreign individual to be served.").

### C. Email Service Constitutes Valid Due Process

"[T]o fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is 'reasonably calculated' to give notice to defendant." *BP Products*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Federal Courts have routinely recognized the validity of service by email. *See Juul Labs*, 2019 WL 4419337, at *2 ("Service of process through email generally satisfies constitutional due process."); *Overstock.com*, 2018 WL 5075511, at *4 ("Service of process through electronic and online communications, such as email and social networking messages, generally satisfy constitutional due process."); *Williams v. Adver. Sex LLC*, 231 F.R.D. 483, 488 (N.D.W. Va. 2005)

("[S]ervice of process by electronic mail is authorized by and warranted under Rule 4(f)(3) of the Federal Rules of Civil Procedure"). Where, as here, plaintiff is able to demonstrate that service via electronic mail is likely to reach a defendant, due process is satisfied. *See e.g., Rio Props.*, 284 F.3d at 1014 ("[It is] not only that service of process by email was proper—that is, reasonably calculated to appraise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]"). Particularly, "[t]he Court is afforded wide discretion in ordering service of process under Rule 4(f)(3), which "provides the Court with . . . flexibility and discretion . . . empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case." *BP Products*, 236 F.R.D. 270, 271 (E.D. Va. 2006) (quoting *In re International Telemedia Ass'n, Inc.*, 245 B.R. 713, 719 (Bankr.N.D.Ga.2000) (granting Rule 4(f)(3) motion approving service to defendant's last-known email address). During the course of employment, Defendant routinely engaged with Plaintiff through electronic communications through a school email address. Plaintiff is certain of the veracity of Defendant's email address and believes service of process through email is very likely to be extremely effective. Furthermore, service of process through publication is not prudent due to the unknown whereabouts of the Defendant. In addition, Plaintiff is aware that Defendant is currently using the services of Maryland attorney, Stewart Sutton, and, therefore, email service on Defendants' counsel is also reasonably calculated to provide Defendant with notice of this suit.

Of particular note, Rule 4(f)(3) may be allowed by a court for urgent cases. See *Rio Props.*, 284 F.3d at 1015 ("[I]n cases of urgency, Rule 4(f)(3) may allow the District Court to order a special method of service, even if other methods of service remain incomplete or unattempted."). As detailed above, Defendant's possession of Plaintiff's Trade Secrets creates an increasing and continuous risk of unauthorized selling. The Trade Secrets in Defendant's possession have the

capacity to severely disadvantage Plaintiff's business model and overall standing in the laboratory market.

Accordingly, allowing service by email in the present case is appropriate and comports with constitutional notions of due process, particularly given Plaintiff's regular and successful electronic communications with Defendant and the urgency of Plaintiff's case.

## IV. CONCLUSION

In light of the above, Plaintiff respectfully requests that its motion for order authorizing service of process by electronic communication on both Defendant's email address and that of his Maryland counsel be granted.

Dated:   June 22, 2022                             Respectfully submitted,

       /s/ Stephen M. Faraci Sr.
Stephen M. Faraci, Sr., Esquire (VSB #42748)
Robert N. Drewry, Esquire (VSB #91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1021 E. Cary Street, Suite 1700
Richmond, Virginia  23219
Telephone:   (804) 977-3307
Facsimile:   (804) 977-3298
E-Mail:   sfaraci@wtplaw.com
E-Mail:   rdrewry@wtplaw.com

*Counsel for Plaintiff, America Science Team Richmond, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2022, I electronically filed this *Plaintiffs' Motion For Order Authorizing Service of Process by Electronic Communication* with the Clerk of the Court using the CM/ECF system. I also hereby certify that I have served a copy of the foregoing by United States Mail, First Class, Postage Prepaid, to the following last known address:

Enoch Chan
4110 Bowne Street, Apartment 6S
Flushing, New York 11355
Enoch.chan@hotmail.com

 /s/ Stephen M. Faraci, Sr.
     Counsel