IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AMERICA SCIENCE TEAM
RICHMOND, INC.,
        Plaintiff,

v.                                                                  Civil Action No. 3:22cv451

ENOCH CHAN,
        Defendant.

## **ORDER**

This matter comes before the Court on the plaintiff's motion for an order authorizing service of process by electronic communication. (ECF No. 3.) The plaintiff, a former employer of the defendant, does not know where the defendant resides. The plaintiff has attempted but failed to successfully serve the defendant at two suspected residences in the United States and one in Canada. (ECF No. 4, at 4; ECF No. 4-1; *see* Case No. 3:21cv437, ECF No. 6.) Indeed, a neighbor of the defendant's suspected Canadian residence told the process server that the defendant, a Canadian citizen, moved to New Zealand. (ECF No. 4-1.) The plaintiff, therefore, asks that the Court order alternative service by email to the defendant's suspected email address and the email address of Maryland attorney Stewart Sutton, who the plaintiff knows to have represented the defendant on other legal matters.

On June 27, 2022, the Court directed the plaintiff to file a notice "explaining (1) why it is certain the defendant will receive emails at the address provided and (2) that Attorney Sutton represents the defendant in other matters." (ECF No. 7.) The plaintiff filed the notice on July 1, 2022, but failed to offer any evidence that the defendant continues to use enoch.chan@hotmail.com; the evidence that the plaintiff did offer purported "to show that the defendant used the email address at issue in December 2017, April 2020, and July 2020." (ECF

No. 9, at 1 (citing ECF No. 8-1, at 3).) Further, the plaintiff did not offer any evidence Sutton has represented the defendant in any capacity within the last year.

On July 11, 2022, the Court directed the plaintiff to file a second notice with any evidence that the defendant continues to use enoch.chan@hotmail.com and any evidence that Sutton currently represents the defendant in any capacity. (*Id.*) The plaintiff filed the second notice on July 18, 2022, and explained that the provided July 2020 email, (ECF No. 8-1, at 3), is the plaintiff's "most recent direct communication with [the defendant]," (ECF No. 10, at 1). Further, the plaintiff did not present any evidence that Sutton currently represents the defendant in any matter and requested "additional time to respond to the Court's July 11, 2022, Order" to gather additional evidence as to Sutton's representation of the defendant. (*Id.* at 2.)

Federal Rule of Civil Procedure 4(f) governs the service of process upon individuals in foreign countries and provides three ways to execute service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or]
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice[; or]
> . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

> Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In applying

2

these standards, "a court may tailor the method of service to the circumstances so long as that method 1) is not prohibited by international agreement and 2) comports with constitutional notions of due process." *WhosHere, Inc. v. Orun*, No 1:13cv526, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014).

"The Hague Convention does not apply in cases [like this one] where the address of the foreign party to be served is unknown." *BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) (citing 20 U.S.T. 361 (U.S.T. 1969)). Because the Hague Convention does not apply here and because past "attempts at service have been futile, the third method under 4(f)(3) is applicable." *Id.*[1]

"The Court is afforded wide discretion in ordering service of process under Rule 4(f)(3), which 'provides the Court with . . . flexibility and discretion . . . empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case.'" *Dagra*, 236 F.R.D. at 271 (omissions in original) (quoting *In re Int'l Telemedia Ass'n, Inc.*, 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000)). "Courts therefore have flexibly applied Rule 4(f)(3) to authorize service by differing modes of electronic and online communications including email . . . ." *WhosHere, Inc.*, 2014 WL 670817, at *3.

Here, without evidence that the defendant currently uses enoch.chan@hotmail.com, the Court finds that service at this email address is not "reasonably calculated, under all the

---

[1] *See also Overstock.com, Inc. v. Visocky*, No. 1:17cv1331, 2018 WL 5075511, at *3 (E.D. Va. Aug. 23, 2018) ("This Court has held that service of process through electronic and online communications, such as email and social networking messages, do[es] not violate the Hague Convention, or any other international agreement, unless specifically objected to by the country of the foreign individual to be served."); *Table Reflecting Applicability of Articles 8(2), (10)(a)(b) and (c), 15(2), and 16(3) of the Hague Service Convention*, Hague Conference on Private International Law, https://assets.hcch.net/docs/6365f76b-22b3-4bac-82ea-395bf75b2254.pdf (last visited on July 19, 2022) (indicating that Canada, a signatory of the Hague Service Convention, does not object to particular provisions of the Convention).

3

circumstances, to apprise [the defendant] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Popular Enters., LLC*, 225 F.R.D. at 561 (quoting *Mullane*, 339 U.S. at 314). Thus, service at this email address does not "comport with constitutional notions of due process." *Id.* The Court, therefore, DENIES the plaintiff's motion to the extent it seeks to serve the defendant by emailing enoch.chan@hotmail.com. (ECF No. 3.)

As for the plaintiff's request to serve the defendant through Sutton, the Court will allow the plaintiff additional time to gather evidence of Sutton's representation of the defendant. *Cf. Carrico v. Samsung Elecs. Co., Ltd.*, No. 15cv2087, 2016 WL 2654392, at *5 (N.D. Cal. May 10, 2016); *Forum Fin. Grp., LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 24 (D. Me. 2001) (directing service on an international defendant through service on the defendant's domestic attorney under Rule 4(f)(3)). The Court, therefore, DEFERS DISPOSITION on the plaintiff's motion to the extent it seeks to serve the defendant by emailing Sutton, (ECF No. 3), and DIRECTS the defendant to file any evidence that Sutton currently represents the defendant in any capacity on or before August 19, 2022.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 19 July 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge