**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

AMERICA SCIENCE TEAM RICHMOND, INC.,

                    *Plaintiff,*

     v.

ENOCH CHAN,

                    *Defendant.*

Civil Action No. 3:22-cv-00451-JAG

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**</u>

Date: February 14, 2023

Stephen M. Faraci, Sr., Esquire (VSB #42748)
Robert N. Drewry, Esquire (VSB #91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    (804) 977-3307
Facsimile:    (804) 977-3298
E-Mail:    sfaraci@wtplaw.com
E-Mail:    rdrewry@wtplaw.com

*Counsel for Plaintiff, America Science Team
Richmond, Inc.*

# TABLE OF CONTENTS

PROCEDURAL HISTORY ............................................................................................ 1

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT ............................................................................................................ 4

    AmeriSci Has Established Defendant's Liability for Misappropriation of its Trade Secrets ..... 4

        i.   Defendant's Misappropriation of AmeriSci's Trade Secrets Under the Virginia Uniform Trade Secrets Act ................................................................................................ 5

        ii.   Defendant's Misappropriation of AmeriSci's Trade Secrets Under the Defend Trade Secrets Act .......................................................................................................... 6

    AmeriSci Is Entitled to Permanent Injunctive Relief ............................................... 8

        i.   The Balance of Hardships Clearly Favors AmeriSci ..................................... 10

        ii.   The Public Interest is Served by Protection of Trade Secrets ........................ 10

        iii.   AmeriSci Has Suffered Irreparable Harm and Has no Adequate Remedy at Law ........ 11

    AmeriSci is Entitled to Compensatory Damages ...................................................... 12

    AmeriSci is Entitled to Punitive Damages ............................................................... 12

    The Costs of Suit and Reasonable Attorneys' Fees Should be Awarded to AmeriSci ............. 14

CONCLUSION ........................................................................................................ 15

REQUESTED RELIEF .............................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Am. Sales Corp. v. Adventure Travel*, 862 F.Supp. 1476, 1479 (E.D. Va. 1994)......................... 12

*Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) ....................................................................................................................... 4

*Autopartsource, LLC v. Bruton*, No. 3:13-cv-54, 2013 WL 3766524, at \*12 (E.D. Va. July 16, 2013) ............................................................................................................................. 9

*AVX Corp. v. Kim*, No. cv 6:17-624, 2017 WL 11316598, at \*1-2 (D.S.C. Mar. 13, 2017) ......... 8

*Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).................. 8

*E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 894 F. Supp. 2d 691, 706 (E.D. Va. 2012), *vacated and remanded on other grounds*, 564 Fed. App'x 710 (4th Cir. 2014) ........... 9, 10, 14

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)...................................................... 9

*FMC Corp. v. Taiwan Tainan Giant Indus. Co.*, 730 F.2d 61, 63 (2d Cir. 1984) ........................ 11

*Hair Club for Men, LLC v. Ehson*, No. 1:16-cv-236, 2017 WL 1250998, at \*3 (E.D. Va. Apr. 3, 2017) ........................................................................................................................... 13

*Hilton Worldwide, Inc. v. Glob. Advert., Inc.*, No. 1:15-cv-1001, 2016 WL 8223436, at \*8 (E.D. Va. Apr. 8, 2016) ...................................................................................................... 9, 10

*Integrated Glob. Servs., Inc. v. Mayo*, No. 3:17-cv-563, 2017 WL 4052809, at \*8 (E.D. Va. Sept. 13, 2017) ......................................................................................................................... 6

*JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014)................................................ 4

*ME2 Prods. v. Ahmed*, 289 F. Supp. 3d 760, 762 (W.D. Va. 2018)............................................... 4

*MicroStrategy, Inc. v. Bus. Objects, S.A.*, 369 F. Supp. 2d 725, 736 (E.D. Va. 2005)................. 10

*Owens-Corning Fiberglas Corporation v. Watson*, 413 S.E.2d 630, 640 (Va. 1992)................. 13

*RECO Equip., Inc. v. Wilson*, No. 20-4312, 2021 WL 5013816, at \*5 (6th Cir. Oct. 28, 2021) . 11

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ...................................... 4

*Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-cv-225, 2016 WL 608193, at \*8 (W.D.N.C. Jan. 5, 2016)............................................................................................................... 11

*Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 514 (E.D. Va. 2021) ............. 6, 10

**Statutes**

18 U.S.C. § 1030........................................................................................................................... 1

18 U.S.C. § 1836.............................................................................................................. 1, 8, 13, 15

18 U.S.C. § 1839........................................................................................................................... 7

Va. Code § 59.1-336 .................................................................................................................... 1

Va. Code Ann. § 18.2-152.12 ..................................................................................................... 12

Va. Code Ann. § 59.1-336 ........................................................................................................ 5, 6

Va. Code Ann. § 59.1-337 ............................................................................................................ 8

Va. Code Ann. § 59.1-338 ............................................................................................... 12, 13, 14

**Rules**

Fed. R. Civ. Proc. 12..................................................................................................................... 1

Fed. R. Civ. Proc. 5....................................................................................................................... 1

Fed. R. Civ. Proc. 55..................................................................................................................... 1

Fed. R. Civ. Proc. 6....................................................................................................................... 1

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 7(F), Plaintiff, America Science Team Richmond, Inc. ("**AmeriSci Richmond**," "**AmeriSci**," or "**Plaintiff**"), by counsel, submits its Memorandum of Law in Support of Plaintiff's Motion for Default Judgment against Defendant Enoch Chan ("**Chan**" or "**Defendant**").

## PROCEDURAL HISTORY

On June 22, 2022, Plaintiff filed its Complaint ("**Complaint**") [Docket No. 1] against Defendant. In the Complaint, AmeriSci asserts claims for, among other unlawful conduct, Defendant's willful and malicious misappropriation of AmeriSci's confidential information and Trade Secrets (defined below) in violation of , the Defend Trade Secrets Act, and Va. Code § 59.1-336, *et seq*., the Virginia Uniform Trade Secrets Act; and Defendant's violation of 18 U.S.C. § 1030, the Computer Fraud and Abuse Act.

On June 23, 2022, a summons (the "**Summons**") was issued [Docket No. 6] on the Defendant. On October 4, 2022, after multiple attempts at locating and serving Defendant, the Complaint and Summons were personally served on Defendant pursuant to Rule 5 of the Federal Rules of Civil Procedure, as indicated on the Affidavit of Service for the Summons and Complaint, a copy of which was filed with the Court on October 5, 2022 [Docket No. 14]. The time for Defendant to file an answer, plead, defend, or otherwise move pursuant to Rule 6 of the Federal Rules of Civil Procedure in response to the Complaint, which time has not been further extended by the Court, has expired, and Defendant has not answered or otherwise responded to the Complaint. As a result, Defendant has failed to plead or otherwise defend within the time prescribed by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Accordingly, on November 21, 2022, AmeriSci filed a Request for Entry of Default [Docket No. 17] and, on November 22, 2022, the Clerk noted an Entry of Default as to Defendant [Docket No. 18]. To

date, Defendant has not answered or otherwise responded to the Complaint or Plaintiff.  AmeriSci now moves for Default Judgement against Defendant.

## **STATEMENT OF FACTS**

AmeriSci, a corporation organized and existing under the laws of the Commonwealth of Virginia, provides analytical testing of mold, bacteria, lead, and asbestos for environmental professionals across the country.  (Compl. ¶¶ 6, 13).  AmeriSci's experienced, trained, and certified team of geologists, geochemists, mineralogists, chemists, biologists, environmental scientists, and other support staff provide specialized analysis to AmeriSci's governmental and commercial customers.  (Compl. ¶ 14).

In connection with its business, AmeriSci maintains customer pricing, compensation data, computer processes, computer programs and codes, consumer lists, customer preferences, financial information, marketing strategies, production processes, scientific data, technological data, human resources documents, training materials, and other confidential and proprietary business information and trade secrets (collectively, the "**Trade Secrets**").  (Compl. ¶ 15).  Among its Trade Secrets are AmeriSci's proprietary protocols, which the company designed, developed, and upgraded over a period of twenty (20) years.  (Compl. ¶ 16).

AmeriSci has invested considerable time, capital, and resources in developing and maintaining the confidentiality and propriety of its Trade Secrets.  (*Id.*).  To protect their secrecy, AmeriSci restricts access to its Trade Secrets to employees, subjects each employee who has access to AmeriSci's Policies and agreements, and maintains its Trade Secrets on servers protected by security software.  (Compl. ¶ 18).

Defendant, a former AmeriSci employee, is a Canadian citizen.[1]  (Compl. ¶ 7).  An AmeriSci Richmond affiliate,[2] America Science Team New York, hired Defendant as an entry-level Polarized Light Microscopy ("**PLM**") analyst on November 15, 2016.  (Compl. ¶ 29).  On or around June 4, 2019, Defendant was transferred to AmeriSci Richmond to continue working as a PLM analyst and to receive immigration sponsorship from AmeriSci to obtain Permanent Resident status.  (Compl. ¶ 31).  Defendant's first day working for AmeriSci Richmond was September 25, 2019.  (Compl. ¶ 35).  Defendant's last day working for AmeriSci Richmond was November 23, 2019.  (Compl. ¶ 36).

On January 1, 2020, AmeriSci learned that Defendant had transferred approximately 70,000 files, or twenty (20) gigabytes of data, from AmeriSci's Common Share folder to Defendant's virtual machine.[3]  (Compl. ¶ 38).  The unauthorized transfer occurred on November 14, 2019, just five (5) days before Defendant requested family medical leave.  (Compl. ¶ 39).  At or around 4:10 p.m. on November 14, 2019, Defendant copied the Common Share folder to his virtual machine without authorization.  (*Id.*).  Defendant then transferred the data out of the AmeriSci building without detection by downloading and installing an unauthorized Virtual Private Network ("**VPN**") on his virtual machine.  (Compl. ¶ 40).  The unauthorized VPN was downloaded and installed on Defendant's virtual machine at or around 7:13 p.m. on November 14, 2019, when Defendant was working alone and unsupervised.  (*Id.*).  No AmeriSci employee

---

[1]  Defendant was authorized to work in the United States, and for AmeriSci, pursuant to a work permit, which expired on August 21, 2020.  (Compl. ¶ 7).

[2]  AmeriSci also operates in Boston, Los Angeles, and New York through various affiliates.  (Compl. ¶ 2).

[3]  AmeriSci conducts its business using a virtual machine, which is an emulation of a computer system that allows a user to utilize the data and power of a centralized server from an application window on the user's desktop.  (Compl. ¶ 20).  The software, which provides a user access to all of their data securely from any computer, is connected to AmeriSci's servers.  (Compl. ¶¶ 20-21).

authorized or approved the installation of the VPN or the transfer of the Common Share data to Defendant's virtual machine. (Compl. ¶ 41).

Importantly, all of the data Defendant copied and transferred consisted of AmeriSci's confidential and proprietary Trade Secrets, which could be used by Defendant or a competitor to open a new, competing laboratory providing the same or similar services of AmeriSci with little effort. (Compl. ¶ 43).

## ARGUMENT

When a defendant defaults – as in the case here – the well-pleaded allegations of fact in a complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). As noted by Judge Davis in *JTH Tax, Inc.*, "in the default judgment context, factual allegations in the complaint are deemed admitted and the 'appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein.'" *Id.* (quoting *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished table opinion)). If the facts alleged in a complaint establish liability, then the court must next determine the appropriate amount of damages. *See ME2 Prods. v. Ahmed*, 289 F. Supp. 3d 760, 762 (W.D. Va. 2018) (citing *Ryan*, 253 F.3d at 780-81). The amount of damages may be determined by a court without a hearing "if the record contains sufficient evidence to support the award." *Id.* (citing *Anderson*, 155 F.3d at 507).

### AmeriSci Has Established Defendant's Liability for Misappropriation of its Trade Secrets

The well-pleaded allegations in the Complaint are deemed admitted for purposes of the Motion for Default Judgment when the defendant is in default. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Accordingly, before granting default judgment, a

court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in this action." *Id.* (citation omitted).

Here, AmeriSci has alleged sufficient facts to establish its misappropriation of trade secrets claim against Defendant under both the Virginia Uniform Trade Secrets Act ("**VUTSA**") and the Defend Trade Secrets Act ("**DTSA**").

### i. Defendant's Misappropriation of AmeriSci's Trade Secrets Under the Virginia Uniform Trade Secrets Act

AmeriSci has alleged sufficient facts to establish its misappropriation of trade secrets claim against Defendant under the VUTSA. The VUTSA defines "trade secrets" as "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process," that:

> 1. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> 2. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Va. Code Ann. § 59.1-336.

AmeriSci alleged that Defendant improperly acquired its Trade Secrets, including human resources documents, marketing materials, purchase orders, standard operating procedure documents for unrelated companies, and proprietary protocols for certain departments and companies, despite the significant precautions AmeriSci takes to protect and maintain the confidentiality of this information. (Compl. ¶¶ 15-16, 18, 38-43). AmeriSci also alleged that its Trade Secrets provide a substantial competitive advantage in the marketplace, thus giving rise to independent economic value. (Compl. ¶¶ 17, 19). Accordingly, the Complaint alleges sufficient

facts to establish that the confidential and proprietary information Defendant transferred without authorization satisfy the VUTSA definition of trade secrets.

AmeriSci has also alleged sufficient facts to demonstrate that Defendant misappropriated its Trade Secrets. The VUTSA defines "misappropriation" as "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means." Va. Code Ann. § 59.1-336. The statute defines "improper means" to include theft. *See id.* AmeriSci alleged that Defendant downloaded and installed an unauthorized VPN on his virtual machine, which he used to transfer approximately seventy thousand (70,000) files containing a multitude of AmeriSci's confidential and proprietary information without authorization. (Compl. ¶¶ 38-43). Defendant's knowledge of and improper acquisition of the Trade Secrets is sufficient to state a claim under the VUTSA. *See Integrated Glob. Servs., Inc. v. Mayo*, No. 3:17-cv-563, 2017 WL 4052809, at \*8 (E.D. Va. Sept. 13, 2017) ("Under the plain language of the statute, mere *acquisition* of a trade secret by the improper means listed in the statute is sufficient to establish misappropriation.") (emphasis in original). Therefore, AmeriSci has established Defendant's misappropriation of its Trade Secrets in violation of the VUTSA.

## ii. Defendant's Misappropriation of AmeriSci's Trade Secrets Under the Defend Trade Secrets Act

AmeriSci has also alleged sufficient facts to establish its misappropriation of trade secrets claim against Defendant under the Defend Trade Secrets Act. "The standards applicable [to misappropriation] under the VUTSA are nearly identical to those under the DTSA." *Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 514 (E.D. Va. 2021) (internal quotation and citations omitted).

Similar to the VUTSA, the DTSA defines a "trade secret" as "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns,

plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored" if:

> (A)  the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B)  the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

18 U.S.C. § 1839(3).

As set forth above, AmeriSci alleged that Defendant improperly acquired its Trade Secrets, which derive independent economic value, despite the reasonable measures AmeriSci takes to keep such information secret. (Compl. ¶¶ 15-16, 17-19, 38-43). The Complaint therefore alleges sufficient facts to establish that the confidential and proprietary information Defendant transferred without authorization satisfy the DTSA's definition of trade secrets.

AmeriSci has also alleged sufficient facts to show that Defendant misappropriated its Trade Secrets under the DTSA. The DTSA's definition of "misappropriation" is identical to that of the VUTSA. *See* 18 U.S.C. § 1839(5)(A) ("misappropriation" means "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means"). "Improper means" under the DTSA, again like the VUTSA, includes theft. *See* 18 U.S.C. § 1839(6)(A).

AmeriSci alleged that Defendant stole its confidential information and Trade Secrets by accessing its systems without authorization and using an unauthorized VPN to retain a copy of all such information. (Compl. ¶¶ 38-43, 87). Accordingly, AmeriSci has established Defendant's misappropriation of its Trade Secrets in violation of the DTSA. *See, e.g., AVX Corp. v. Kim*, No.

cv 6:17-624, 2017 WL 11316598, at *1-2 (D.S.C. Mar. 13, 2017) (holding that defendant, plaintiff's former employee, misappropriated plaintiff's trade secrets under the DTSA because he acquired them through theft by "surreptitiously downloading and copying" computer files, which he retained following his termination).

### AmeriSci Is Entitled to Permanent Injunctive Relief

AmeriSci is entitled to a permanent injunction requiring Defendant to (1) refrain from any further use of AmeriSci's confidential information and Trade Secrets; (2) return all confidential information, Trade Secrets, and AmeriSci property in his possession; and (3) certify through a forensic examination of his computers and other devices that he has returned such information and that he has not retained a copy or copies of any of AmeriSci's information.

The Court has the authority to enjoin actual or threatened misappropriation pursuant to both the DTSA and the VUTSA. *See* 18 U.S.C. § 1836(b)(3)(A)(i); Va. Code Ann. § 59.1-337(A). The DTSA and the VUTSA also authorize the Court to order Defendant to return all confidential information, Trade Secrets, and AmeriSci property in his possession and to certify through a forensic examination of his computers and other devices that he has returned such information and has not retained any copy or copies of any of AmeriSci's information. *See* 18 U.S.C. § 1836(b)(3)(A)(ii) (if a court deems it appropriate, it may require "affirmative actions to be taken to protect the trade secret"); Va. Code Ann. § 59.1-337(C) ("In appropriate circumstances, affirmative acts to protect a trade secret may be compelled by court order.").

To obtain a permanent injunction in this Circuit, a plaintiff must show: (1) that it has suffered an irreparable injury; (2) that remedies at law are inadequate to compensate for that injury; (3) that an equitable remedy is warranted after considering the balance of hardships between the parties; and (4) that the public interest would not be disserved by a permanent injunction. *See Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (citing *eBay*

*Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).  However, once a violation of the VUTSA is established, a plaintiff need not "prove irreparable harm or the lack of an adequate remedy at law to receive an injunction against the actual misappropriation."  *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 894 F. Supp. 2d 691, 706 (E.D. Va. 2012), *vacated and remanded on other grounds*, 564 Fed. App'x 710 (4th Cir. 2014); *see Hilton Worldwide, Inc. v. Glob. Advert., Inc.*, No. 1:15-cv-1001, 2016 WL 8223436, at *8 (E.D. Va. Apr. 8, 2016) (plaintiff need not show irreparable harm or lack of adequate remedy at law when it has shown a violation of the VUTSA because the VUTSA is a Virginia statute that empowers a court to grant injunctive relief); *Autopartsource, LLC v. Bruton*, No. 3:13-cv-54, 2013 WL 3766524, at *12 (E.D. Va. July 16, 2013) ("Because VUTSA explicitly provides for injunctive relief, Autopartsource is not required to demonstrate irreparable harm or the lack of an adequate remedy at law.").  Therefore, a party seeking permanent injunctive relief from use of its trade secrets need only show that the balance of the hardships and the public interest favor injunctive relief.  *See E.I. Dupont*, 894 F. Supp. 2d at 706-07; *Autopartsource, LLC*, 2013 WL 3766524, at *12.

As discussed above, AmeriSci has sufficiently alleged facts showing Defendant's misappropriation under the VUTSA, and Defendant has, by his default, conceded those facts. Consequently, AmeriSci has established Defendant's violation of the VUTSA.  The Court must therefore balance the hardships and consider the public interest in determining whether to grant AmeriSci injunctive relief.  As both elements favor AmeriSci, AmeriSci is entitled to a permanent injunction.  To the extent that the Court also considers whether AmeriSci has suffered irreparable injury and whether it has an adequate remedy at law, those factors favor AmeriSci as well. Accordingly, AmeriSci respectfully requests that the Court issue a permanent injunction against

Defendant preventing any future actual or threatened misappropriation of AmeriSci's Trade Secrets.

### i. The Balance of Hardships Clearly Favors AmeriSci

Here, the only hardship Defendant will face should the Court grant injunctive relief is an obligation to comply with the VUTSA. *See Hilton Worldwide, Inc.*, 2016 WL 8223436, at *9 (the balance of hardships "clearly" weighed in favor of plaintiff when only hardship suffered by defendant would be an obligation to comply with trademark law and the VUTSA). Moreover, the balance of the equities "strongly favors granting an injunction to foreclose a party from benefitting from its misappropriation of another's trade secrets." *Variable Annuity Life Ins. Co.*, 535 F. Supp. 3d at 518 (internal quotations and citations omitted). The balance of hardships thus clearly weighs in AmeriSci's favor.

### ii. The Public Interest is Served By Protection of Trade Secrets

Protecting trade secrets serves the public interest. *See MicroStrategy, Inc. v. Bus. Objects, S.A.*, 369 F. Supp. 2d 725, 736 (E.D. Va. 2005) ("[T]here is certainly a significant public interest in maintaining the confidentiality of trade secrets and preventing their misappropriation."). Indeed, "it serves the public interest for those who would violate the protections afforded by [Uniform Trade Secrets] laws to know that, if they steal trade secrets, they will be caught, they will be prosecuted civilly, and they will not be able to profit from that which they have stolen." *E.I. Dupont*, 894 F. Supp. 2d at 710 (finding that the public interest is served by granting an injunction because injunctive relief helps deter trade secret misappropriation). The public interest therefore weighs heavily in AmeriSci's favor.

### iii. AmeriSci Has Suffered Irreparable Harm and Has no Adequate Remedy at Law

To the extent that the Court considers the other injunctive relief factors, whether AmeriSci has suffered irreparable injury and whether it has an adequate remedy at law, AmeriSci has met its burden.

AmeriSci has suffered irreparable injury due to Defendant's theft of its Trade Secrets. AmeriSci's Trade Secrets provide a competitive advantage, and AmeriSci has suffered irreparable harm because Defendant's theft makes AmeriSci vulnerable to threats of unfair competition. *See, e.g., RECO Equip., Inc. v. Wilson*, No. 20-4312, 2021 WL 5013816, at *5 (6th Cir. Oct. 28, 2021) (affirming district court's finding of irreparable injury due to trade secret theft because the stolen trade secrets provided a competitive advantage that the thieves could use to unfairly compete). Indeed, trade secret theft causes the owner irreparable injury because "[a] trade secret once lost is, of course, lost forever." *FMC Corp. v. Taiwan Tainan Giant Indus. Co.*, 730 F.2d 61, 63 (2d Cir. 1984) (affirming district court's finding that plaintiff established irreparable harm due to trade secret misappropriation). Here, Defendant stole approximately seventy thousand (70,000) files containing AmeriSci's Trade Secrets and confidential information. (Compl. ¶¶ 38-43). This stolen information could provide Defendant or an AmeriSci competitor a turnkey approach to begin competing with AmeriSci with little effort. (Compl. ¶ 43).

Additionally, AmeriSci has no adequate remedy at law, as a monetary remedy would not adequately redress the consequences of Defendant's theft. *See, e.g., Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-cv-225, 2016 WL 608193, at *8 (W.D.N.C. Jan. 5, 2016) (finding legal remedies inadequate to remedy defendant's trade secrets violations because plaintiff's damages would insufficiently reimburse it for ongoing and future damages caused by defendant's continued actions).

Accordingly, AmeriSci is entitled to permanent injunctive relief.

## AmeriSci is Entitled to Compensatory Damages

AmeriSci is entitled to recover compensatory damages in the amount of $255,500.00 for its costs incurred to uncover Defendant's misappropriation.

"Computing damages in a trade secret case is not cut and dry." *Am. Sales Corp. v. Adventure Travel*, 862 F.Supp. 1476, 1479 (E.D. Va. 1994). Under the VUTSA, AmeriSci is entitled to recover its damages for misappropriation, which "can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." Va. Code Ann. § 59.1-338(A).[4]

Here, as part of AmeriSci's claims and recovery thereon, are costs incurred in discovering and uncovering Defendant's misconduct. *See* (Compl. ¶¶ 38-40, 43). AmeriSci incurred expenses totaling $255,500.00 to discover the extent of Defendant's theft of AmeriSci's Trade Secrets and to determine whether additional remedial measures to protect against misappropriation were necessary. *See* Decl. of Stephen M. Faraci, Sr. attached hereto as **Exhibit A**. AmeriSci incurred these costs as a direct and proximate cause of Defendant's misappropriation. Accordingly, AmeriSci is entitled to recover $255,500.00 in compensatory damages for its actual loss caused by Defendant's misappropriation.

## AmeriSci is Entitled to Punitive Damages

AmeriSci respectfully requests that the Court enter an award of punitive damages in the amount of $50,000.00 pursuant to its willful and malicious misappropriation of trade secrets claim. In the case of willful and malicious misappropriation, the VUTSA permits a court to award punitive damages in an amount not to exceed twice the compensatory damages or $350,000,

---

[4] Additionally, AmeriSci may recover damages sustained and the costs of suit for Defendant's violation of the Virginia Computer Crimes Act. *See* Va. Code Ann. § 18.2-152.12.

whichever amount is less. *See* Va. Code Ann. § 59.1-338(B). The DTSA also permits a court to award punitive damages, in an amount not to exceed twice the compensatory damages, in the case of willful and malicious trade secret misappropriation. *See* 18 U.S.C. § 1836(b)(3)(C). As AmeriSci's compensatory damages total at least $255,500.00, AmeriSci is entitled to $50,000.00 in punitive damages.

AmeriSci alleged facts sufficient to establish that Defendant willfully and maliciously misappropriated its Trade Secrets. "Willful and malicious misappropriation is 'acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.'" *Hair Club for Men, LLC v. Ehson*, No. 1:16-cv-236, 2017 WL 1250998, at *3 (E.D. Va. Apr. 3, 2017) (quoting *Owens-Corning Fiberglas Corporation v. Watson*, 413 S.E.2d 630, 640 (Va. 1992)). AmeriSci alleged that Defendant worked a total of three hundred and twenty-four (324) hours at AmeriSci Richmond, only forty (40) of which were unsupervised. (Compl. ¶ 37). On the evening of November 14, 2019, Defendant exploited a rare occasion on which he was working alone and unsupervised to download and install an unauthorized VPN on his virtual machine. (Compl. ¶ 40). Defendant then used this VPN to transfer out of the building approximately seventy thousand (70,000) files containing AmeriSci's Trade Secrets that Defendant had copied without authorization earlier that day. (Compl. ¶¶ 39-40). Defendant's use of a VPN shows that he intended to conceal his theft of AmeriSci's proprietary information because VPNs are commonly used to transfer large quantities of data undetected. (Compl. ¶ 40). Indeed, AmeriSci did not discover Defendant's theft until almost seven (7) weeks later, on January 1, 2020, during its routine computer systems maintenance. (Compl. ¶ 38).

The data Defendant transferred was unrelated to his job duties and included a wealth of AmeriSci's confidential and proprietary Trade Secrets, including hundreds of files consisting of proprietary protocols for AmeriSci departments and companies outside of Defendant's department. (Compl. ¶ 43). Specifically, the files Defendant stole contained human resources documents, marketing materials, purchase orders, and proprietary protocols for AmeriSci's Transmission Electron Microscopy, Phase Contrast Microscopy, and Microbiology departments. (Compl. ¶ 43).

Just five (5) days after his theft of AmeriSci's Trade Secrets, Defendant went on emergency family medical leave. (Compl. ¶¶ 39, 45). Defendant never returned to work, effectively abandoning his job. (Compl. ¶ 45). Moreover, Defendant lied about his whereabouts, stating he was in Hong Kong and unable to return to the United States due to COVID-19 restrictions, when he in fact was already in the United States after or around March 18, 2020. (Compl. ¶ 45). Defendant's actions show a "gross indifference to the rights of [AmeriSci] as will amount to a willful act without just cause or excuse." *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 911 F. Supp. 2d 340, 343-44 (E.D. Va. 2012) (quoting jury instruction for malicious and willful misappropriation), *vacated on other grounds*, Nos. 13-1054, 14-1266 (4th Cir. June 12, 2014) .

Accordingly, AmeriSci is entitled to an award of $50,000.00 in punitive damages due to Defendant's willful and malicious misappropriation of AmeriSci's Trade Secrets.

**The Costs of Suit and Reasonable Attorneys' Fees Should be Awarded to AmeriSci**

AmeriSci is entitled to recover its attorneys' fees and costs incurred in prosecuting this action. The VUTSA allows a court to award reasonable attorneys' fees if the court determines that: "(i) a claim of misappropriation is made in bad faith, or (ii) willful and malicious misappropriation exists." Va. Code Ann. § 59.1-338.1. Similarly, the DTSA provides that a court

may award reasonable attorneys' fees to the prevailing party "when the trade secret was willfully and maliciously misappropriated." 18 U.S.C. § 1836(b)(3)(D).

For the reasons stated above, AmeriSci has alleged undisputed facts establishing Defendant's willful and malicious misappropriation. To date, AmeriSci has incurred $29,739.40 in attorneys' fees and costs. *See* Decl. of Stephen M. Faraci, Sr. attached hereto as **Exhibit A**. AmeriSci respectfully requests that it be awarded its fees associated with this matter.

## CONCLUSION

For the foregoing reasons, AmeriSci respectfully requests entry of a default judgment in its favor and against Defendant, in the form of the Proposed Default Judgment and Order, attached hereto as **Exhibit B**.

## REQUESTED RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff, America Science Team Richmond, Inc., respectfully requests that the Court enter a default judgment against Defendant for the following relief:

1.      That AmeriSci be granted a judgment for compensatory damages in its favor against Chan in the amount of $255,500.00;

2.      That AmeriSci be granted a judgment for punitive damages in its favor against Chan, pursuant to Va. Code § 59.1-338(B) and 18 U.S.C. § 1836(b)(3)(C), in the amount of $50,000.00, representing Defendant's willful and malicious misappropriation of AmeriSci's Trade Secrets;

3.      That AmeriSci be granted a judgment of $29,739.40 for attorneys' fees and costs pursuant to Va. Code § 59.1-338.1 and 18 U.S.C. § 1836(b)(3)(D);

4.      That a permanent injunction be granted requiring Defendant, Enoch Chan, to:

a. Refrain from any further use of AmeriSci's confidential information and Trade Secrets;

b. Return all confidential information, Trade Secrets, and AmeriSci property in Defendant's possession; and

c. Certify through a forensic examination of Defendant's computers and other devices that he has returned such information and that he has not retained any copy or copies of any of AmeriSci's information.

5. That this Court grant AmeriSci such other and further relief as this Court may deem just and proper.

Dated: February 14, 2023          AMERICA SCIENCE TEAM RICHMOND, INC.

/s/ Stephen M. Faraci, Sr.

Stephen M. Faraci, Sr., Esquire (VSB #42748)
Robert N. Drewry, Esquire (VSB #91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone:    (804) 977-3307
Facsimile:    (804) 977-3298
E-Mail:    sfaraci@wtplaw.com
E-Mail:    rdrewry@wtplaw.com

*Counsel for Plaintiff, America Science Team
Richmond, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, I electronically filed this *Memorandum in Support of Plaintiff's Motion for Default Judgment* with the Clerk of the Court using the CM/ECF system. I also hereby certify that I have served a copy of the foregoing by United States Mail, First Class, Postage Prepaid, to the following:

Enoch Chan
18 Farmington Crescent
Scarborough, ON M1S 1G1, Canada

/s/ Stephen M. Faraci, Sr.
Counsel