IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| AMERICA SCIENCE TEAM RICHMOND, INC, Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No.: 3:22-cv-451-JAG ) |
| ENOCH CHAN, Defendant. | ) ) ) ) |

**DEFENDANT'S VERIFIED MEMORANDUM IN SUPPORT
MOTION FOR RELIEF FROM JUDGMENT
MOTION FOR RELIEF FROM ENTRY OF DEFAULT
Fed. Rules Civ. P. 55 and 60**

Defendant Enoch Chan has recently learned that a Default Judgment was entered against him on the basis of an incorrect, at best, or possibly a perjurious affidavit of personal service filed with this Court. Mr. Chan was not served with summons in this case and, therefore, Plaintiff's Default Judgment must be set aside pursuant to Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60. Furthermore, Mr. Chan has meritorious defenses to each of Plaintiff's claims and, after a just and proper defense of this case on the merits, Mr. Chan will prevail in defense of this action and clear his good name. In the instant pleading, a complete Answer to the Complaint is inappropriate, however, Mr. Chan will provide, in summary, an expression of his meritorious defense pursuant to the request for relief. Finally, Mr. Chan, and his attorney in another matter, Chris Hoge, have executed affidavits explaining the timeline of Mr. Chan learning about the relevant Default Judgment and his prompt and reasonable attention thereto.

Mr. Chan was not in Canada when Plaintiff's process server falsely stated he personally served Mr. Chan – therefore, this Court was without personal jurisdiction to enter judgment against Defendant and such Default Judgment must be set aside for proceedings on the merits.

1

I)      **BACKGROUND**[1]

Mr. Enoch Chan is a Canadian citizen, born in 1990; he was present in the United States on an F-1 student visa when he graduated from University of Rochester in 2013. Mr. Chan then worked on Optional Practical Training. In 2014, he entered Johns Hopkins University and graduated in 2016 with a master's degree in biology. After graduating JHU, he received another period of training and began working for Plaintiff's company, AmeriSci Group, in New York City. Mr. Chan and his family have sacrificed a great deal to attempt to secure lawful permanent status in the United States and the crimes alleged by Plaintiff do not reasonably comport with Mr. Chan's history, habits, and dedication to his former employer and immigration sponsor of 3 years.

After the time period described in the Complaint,[2] Defendant was forced to leave the United States. As detailed in Mr. Chan's Affidavit, attached hereto and incorporated by this reference, he attempted to move on with his life, leaving behind his hope of attending an American medical school, and ultimately, he flew to Hong Kong on August 15, 2022. **Exhibit 1**. Approximately two months later, in October 2022, Plaintiff's process server in Canada alleged he personally served Defendant. Dkt. 14. According to Mr. Chan's Affidavit, he moved to Hong Kong in August 2022, and has not been back in Canada since. The Cathay Pacific Airways Ltd., ticket indicating Mr. Chan's travel to Hong Kong is attached to and authenticated by his Affidavit.

Furthermore, Mr. Chan was busy attending medical school and was not aware of the

---

[1] Background is provided to explain the sequence of events that resulted in Defendant not being present in Canada, or the United States, when Plaintiff attempted service.
[2] Defendant reserves to his prospective responsive pleadings and motions, should this Motion be granted, disputes and denials of Plaintiff's specific allegations.

proceedings against him. In February 2024, Mr. Chan's attorney, in a case against Mr. Chan's former attorney Elaine Chang, was made aware of the Default Judgment entered in this case. After learning about said judgment, Mr. Christopher Hoge notified Mr. Chan in late February 2024. **Affidavit of Mr. Hoge attached as Exhibit 2**. Mr. Chan promptly sought legal counsel to file the instant Motion.

## II) LEGAL STANDARD

### A. Rule 55(c) and Rule 60 standards

Pursuant to Rule 55(c), setting aside a final default judgment falls under Rule 60(b). The Court is empowered to relieve a party from a final judgment, including final default judgment, for (1) mistake, inadvertence, excusable neglect, (3) fraud, misrepresentation, or misconduct by an opposing party, or (6) for any other reason that justifies relief. Fed. R. Civ. P. 60. Such motion under Rule 60(b) must be made within a reasonable time, however, for motions under sections (1), (2), and (3), no more than a year after entry of judgment. *Id*. Finally, the Court is separately empowered to aside a judgment for fraud on the Court. Fed. R. Civ. P. 60(d)(3).

Rule 55(c) permits the Court to set aside the Clerk's entry of default for good cause.

### B. Personal Jurisdiction to Enter Default Judgment

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." *Koehler v. Dodwell*, 152 F.3d 304, 306-07 (4th Cir. 1998) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

### C. Courts Should Grant Leave to Set Aside Default Judgments

> We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *E.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing*, 383 F.2d at 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense"). This imperative arises in myriad procedural contexts, but its primacy is never doubted.

*Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).

"[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

> Relief from judgment under Rule 60(b) requires a showing that the motion was timely, the movant has a meritorious defense, exceptional circumstances exist, and the opposing party would not be unfairly prejudiced by having the motion set aside. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *see generally Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (in seeking relief under Rule 60(b), a party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.") Further, relief from a judgment of default should be granted when the defaulting party is diligent in seeking to set aside the default judgment, as well as when he has a meritorious defense.

*Auto Owners Ins. Co. v. Rippy*, Civil Action No. 4:18-cv-02698-RBH, 2019 U.S. Dist. LEXIS 133201, at *5 (D.S.C. Aug. 8, 2019). "Traditionally, we have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

### III) ARGUMENT

#### A. The Judgment Should Be Set Aside

Mr. Chan is entitled to relief from the Clerk's Entry of Default (Dkt. 18) and the Default

4

Judgment entered by the Court on April 4, 2023. Dkt. 24. According to Mr. Chan's Affidavit and the airline ticket attached thereto, Mr. Chan was not in Canada on October 4, 2022, and he was not personally served by Plaintiff's process server on that date. Furthermore, Plaintiff's process server did not include a photograph of the person allegedly personally served, a trend which is becoming more common. The home that the process server recites is Mr. Chan's former residence, which he has not resided at since August of 2022. Mr. Chan's residence, where he resides and intends to continue residing for the time being, has been in Hong Kong from August of 2022 to present.

The standard the Court applies to this Motion is dependent upon how it views Mr. Giannakopoulos', the Canadian process server, Proof of Service. Dkt. 14. Because Mr. Chan was not in Canada on October 4, 2022, and had not been in Canada for approximately two months, the material, false statement of fact that Mr. Chan was personally served in Canada is properly interpreted as a fraud on the Court or, interpreted charitably, a misrepresentation.[3] In the alternative, should the Court interpret the false Proof of Service as a result of a mere mistake by the process server, the same standard and 1-year time limit on the instant Motion would apply. Fed. R. Civ. P. 60(c). The Court's order was entered on April 4, 2023, less than 1 year ago.

In the third alternative, if the Court does not interpret this circumstance as either a fraud, mistake, or misrepresentation on behalf of the process server, then Mr. Chan is entitled to relief for "any other reason that justifies relief" and the instant Motion was filed within a reasonable time, because Defendant learned about the instant Default Judgment in late February 2024.

---

[3] Defendant has no reason to suspect, and does not implicate, any counsel for Plaintiff, or Plaintiff itself, in this false statement.

**B.   The April 4, 2023, Order is Void**

A default judgment without personal service is void for want of personal jurisdiction. *Koehler v. Dodwell*, 152 F.3d 304, 306-07 (4th Cir. 1998).  Such circumstance justifies relief from the Default Judgment.  Fed. R. Civ. P. 60(b)(6).  In this action, the weight of the evidence supports a finding that Mr. Enoch Chan was not in Canada to have been served on October 4, 2022.  It is possible, in lieu of a fraud on the Court, that Plaintiff's process server was merely mistaken, however, even with such a good faith mistake, if that is how the Court interprets it, the Court is deprived of personal jurisdiction.  *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1088 (4th Cir. 1984).  In the absence of valid service of process and absence of personal jurisdiction, the judgment is void.  *Id.*

**C.   Defendant Meets the Rule 60 and Rule 55 Standards for Relief**

Under the 4th Circuit's guidance, a Rule 60(b) motion requires a showing that (1) it was filed timely, (2) the movant has a meritorious defense, (3) exceptional circumstances, and (4) the opposing party would not be unfairly prejudiced.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987).  The movant should be diligent in seeking to set aside the default.  *See Auto Owners Ins. Co. v. Rippy*, Civil Action No. 4:18-cv-02698-RBH, 2019 U.S. Dist. LEXIS 133201, at *5 (D.S.C. Aug. 8, 2019).

Mr. Chan meets all such elements.

   1. *Defendant's Motion was Timely Filed*

Mr. Chan learned about the judgment entered against him in late February 2024, and has responded promptly, under the circumstances, to engage counsel to file the instant Motion. Under the interpretation that the Proof of Service is either a fraud, misrepresentation, or a

6

mistake, the 1-year limitation period applies and Mr. Chan's Motion is timely. In the alternative, Mr. Chan's motion is timely under the standard of "any other reason that justifies relief" because the instant Motion will have been filed within (approximately) three weeks of discovering the judgment against him.

### 2. *Mr. Chan has Meritorious Defenses*

Should this case proceed to trial, Mr. Chan will be able to put on substantial defenses. In summary, the Plaintiff's factual allegations are that Defendant installed a piece of software, a Virtual Private Network, on Plaintiff's machine, copied approximately seventy-thousand files from one of Plaintiff's computers to another of Plaintiff's computers, and transferred said data to Defendant's benefit, and Plaintiff's detriment. *See generally*, Plt's Comp. Dkt. 1.

In addition to Defendant's forthcoming testimony that will demonstrate he did not breach any contract, did not breach any fiduciary duty, did not misappropriate any trade secret, did not convert Plaintiff's property, did not commit any unauthorized copy in violation of the Virginia or Federal Computer Crimes Act, did not violate the Defend Trade Secrets act, did not access stored communications unlawfully, and did not trespass to AmeriSci's chattels, Plaintiff's Complaint facially contains internal contradictions.

At the basis of Plaintiff's claims, it will be required to prove, in part, that Mr. Chan removed the files "out of the building." Plt's Comp ¶ 40. However, Plaintiff also claims the transfer was "without detection" and that VPN's "are commonly used to transfer large quantities of data without detection." *Id*. Plaintiff, then, admits it has no evidence that Mr. Chan removed the files from the building.

Plaintiff's speculative, at best, claims are further belied by the problem that Mr. Chan did

7

not have the ability or credentials to install any software on said machine. Plaintiff does not provide an explanation how Mr. Chan could have possibly installed the VPN software, does not indicate the brand of software, does not indicate Mr. Chan had an account with said VPN service provider, does not indicate that it sent a request for Mr. Chan's account to said VPN service provider, among other deficiencies and facial errors. Plaintiff alleges none of its employees authorized or approved the installation. *Id*. at ¶ 41. Mr. Chan, therefore, was simply not able to install the software, which is a common IT protocol of any business.

Finally, Plaintiff fails to indicate any way in which it has been harmed by Mr. Chan's alleged use of Plaintiff's machines. In the absence of any indication of any damage to Plaintiff, as is apparent from the Complaint, there is no valid claim against Mr. Chan. Plaintiff speculates that Mr. Chan has an intention to use the files, but provides no allegation of how it became aware of Mr. Chan's intentions. Plaintiff provides no indication that any of its files have been sold or purchased, or that any investigation has resulted in evidence that Plaintiff's otherwise secured files have been found on illicit marketplaces, download sites, or in the hands of one of its competitors. Plaintiff fails to indicate that any such sensitive files are hash encrypted, or otherwise encrypted, and a file that only Defendant had access to had been discovered outside of Plaintiff's secured network. Plaintiff fails to provide any logging data showing the MAC Address[4] of a computer logged into by Defendant uploaded approximately 20 gigabytes of data, a process that would likely take three to five hours, assuming approximately 8-15 megabyte per second upload speed, throttled through a virtual private network, which slows throughput.

Plaintiff does not provide allegations of any witnesses or other information, such as a

---

[4] A MAC Address is a medium access control address that is unique to each machine's interface card.

security log, photographs, videos, etc., indicating Defendant was actually at a computer when the alleged installation and transfer out of Plaintiff's building took place.[5] Plaintiff's allegations indicate, only, that Mr. Chan performed his duties, utilized, lawfully, Plaintiff's computer systems, and that it performed a wasteful and meaningless investigation, without any basis, into an innocent man's lawful conduct. It should be noted, further, that if Mr. Chan were to be arrested based upon the allegations as indicated in the Complaint, that would result in a right of action in Mr. Chan for malicious prosecution.

While a Plaintiff cannot be held to the standard of proving its entire case in its Complaint, these defects in the Complaint, coupled with Defendant's lack of credentials and privileges to install any software, makes Plaintiff's theory of its case impossible, and indicates, at least at this stage, sufficient meritorious defenses that warrant setting aside the Default Judgment.

3. *Exceptional Circumstances.*

While the Exceptional Circumstances element is not imminently clear, in the instant case, the fact that a process server made a false claim that he personally served Mr. Chan when Defendant was not present in that country is sufficiently exceptional to warrant relief from the Default Judgment. At worst, this element is a wash.

4. *Plaintiff Is Not Unfairly Prejudiced.*

Plaintiff being held to its burden to produce evidence sufficient to prove its case is not an

---

[5] Ignoring, for the sake of argument, the fact that Plaintiff's Complaint is devoid of any allegation that Plaintiff possesses any information demonstrating that any secured or sensitive file has actually left its "building."

unfair prejudice. Indeed, it is expected in all cases. While a short period of time has elapsed, and delay is of course prejudicial, the elapsed time is not so far outside of the normal time period of litigating a similar case to be considered unfair. Furthermore, the Court should apply a comparison of the prejudice to determine unfairness, similar to the equitable standard of granting an injunction. The balance of the equities substantially tilts in Mr. Chan's favor because the harm to him of the instant judgment remaining undisturbed substantially dwarfs any possible prejudice to Plaintiff in requiring it to prove its case to a jury.

5. *Defendant Has Been Diligent.*

From the time that Defendant personally learned about the instant Default Judgment to the filing of the instant Motion has been approximately three weeks. In consideration of the complex nature of this case, the geographical and time zone challenges between Defendant and this Court, and the rigorous demands on Defendant's time that medical school places, a mere three weeks between learning about the judgment and filing the instant Motion is reasonable and demonstrates substantial diligence.

6. *Rule 55(c) Good Cause.*

Ultimately, the Rule 55(c) standard of Good Cause for relief from the clerk's entry of default is met on the same bases as stated above. Courts apply a more liberal standard upon which to provide relief from the Clerk's Entry of Default, and, for the same reasons as stated above, the Court should grant Defendant relief from the Clerk's entry of default, which, also, amounts to good cause. *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976).

## IV) CONCLUSION

Should the Court require an evidentiary hearing on this Motion, Mr. Chan respectfully requests the Court permit him to appear remotely or, in the alternative, to schedule such hearing with sufficient lead time to permit Mr. Chan to secure travel to the United States to attend such hearing in person.

In summary, Mr. Chan thought he was moving on with his life after losing his opportunity to study in the United States and complete his immigration process. Mr. Chan was blindsided by the claims made by Plaintiff shortly before his termination, while, contemporaneously, Plaintiff informed him that it would no longer sponsor Defendant's immigration application. Mr. Chan refused to pay Plaintiff $200,000.00 in the proposed settlement offer because he did nothing wrong and felt it was wrong that his attorney was working with Plaintiff against his interests. After he moved on with his life, left the United States, moved to Hong Kong to attend medical school, Mr. Chan thought the extremely suspicious circumstances in which the Plaintiff and Mr. Chan's former attorney treated him were behind him – unfortunately, they are not.

Mr. Chan is entitled to relief from the April 4, 2023, Order of this Court, the Court lacked personal jurisdiction to enter said Order, and Mr. Chan has substantial and meritorious defenses to Plaintiff's claims.

**WHEREFORE**, Defendant Enoch Chan respectfully requests the Court enter an order:

1. Granting him relief from the Clerk's Entry of Default entered November 22, 2022, (Dkt. 18);

2. Granting him relief from the Judgment and Order dated April 4, 2023, (Dkt. 24), granting Plaintiff's Motion for Default Judgment;

3. That the Court enters an order determining that Defendant is served with process in this case and grant leave to Defendant to file, within 21 days thereafter, such responsive pleadings as appropriate; and

4. For such other and additional relief as the Court deems reasonable and just.

        Respectfully Submitted,

        Enoch Chan,

        By: _____/s/ Matthew Crist_____
        Matthew A. Crist, VSB No. 85922
        mcrist@MACPLLC.net
        Matthew A. Crist, PLLC
        10432 Balls Ford Rd., Suite 300
        Manassas, VA 20109
        (571) 551-6859
        ***Counsel for Defendant***