**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| **AMERICA SCIENCE** ) | |
| **TEAM RICHMOND, INC,** ) | |
| Plaintiff-Counterclaim Defendant, ) | |
| ) | |
| v. ) | Civil Action No.: 3:22-cv-451-JAG |
| ) | |
| **ENOCH CHAN,** ) | |
| Defendant-Counterclaim Plaintiff. ) | |
| ) | |

**ANSWER**
**MOTION TO DISMISS Fed. R. Civ. P. 12(b)(6)**
**COUNTERCLAIM**

COMES NOW, Defendant Enoch Chan, by and through counsel, and for his Answer to Plaintiff's June 22, 2022, Complaint (DKT 1).

1. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

2. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

3. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

4. It is admitted that defendant agreed to abide by certain policies, however, Defendant did not fail to abide by his agreement, nor misappropriate any data, nor cause Plaintiff to sustain any damages. Defendant denies the averments in this Paragraph and Plaintiff is held to its strict proofs.

5. Denied.

6. This Paragraph contains legal conclusions to which no Answer is required;

1

however, to the extent an Answer is required, Defendant denies the same.

7. Admitted in part; Defendant's address, at one point, was the address stated, however, Defendant is no longer a resident of the United States or Canada.

8. The jurisdiction of this Court is not disputed. Any averment of fact in this paragraph is denied.

9. The jurisdiction of this Court is not disputed. Any averment of fact in this paragraph is denied.

10. The jurisdiction of this Court is not disputed. Any averment of fact in this paragraph is denied.

11. Venue in this Court is not disputed. Any averment of fact in this paragraph is denied.

12. The jurisdiction of this Court is not disputed. Any averment of fact in this paragraph is denied.

13. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

14. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

15. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

16. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

17. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

18. Admitted; Plaintiff maintained restrictions on its employees' access (to include Defendant's access) to Plaintiff's protected files.

19. Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

20. Admitted.

21. Admitted.

22. Admitted as to Defendant; Defendant is without information of Plaintiff's practices as to other employees.

23. Defendant does not dispute the content of Plaintiff's Agreement; however, Defendant is not presently in possession of the Agreement signed by Defendant and, therefore, holds Plaintiff to its strict proofs.

24. Admitted.

25. Defendant does not dispute the content of Plaintiff's policies; however, Defendant is not presently in possession of the policies, therefore, holds Plaintiff to its strict proofs.

26. Defendant does not dispute the content of Plaintiff's policies; however, Defendant is not presently in possession of the policies and, therefore, holds Plaintiff to its strict proofs.

27. Defendant does not dispute the content of Plaintiff's policies; however, Defendant is not presently in possession of the policies and, therefore, holds Plaintiff to its strict proofs.

28. Defendant does not dispute the content of Plaintiff's policies; however, Defendant is not presently in possession of the policies and, therefore, holds Plaintiff to its strict proofs.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Defendant does not presently recall the minutia of such agreement, but does not dispute such provisions may have been in such agreement.

34. Defendant does not presently recall the minutia of such agreement, but does not dispute such provisions may have been in such agreement.

35. Admitted.

36. Admitted.

37. Defendant does not dispute such total time worked is accurate, however, Defendant does not presently recall such details sufficiently to admit or deny.

38. Defendant is unaware of Plaintiff's routine computer maintenance, however, has no reason to dispute the same; it is admitted that Defendant transferred files within Plaintiff's secure system in order to conduct his work; such transfer was in accordance with Plaintiff's policies and Plaintiff fails to allege Defendant removed a single bit of data outside of Plaintiff's secure system.

39. The characterization of "unauthorized" is false and therefore denied; as plead by Plaintiff in Paragraph 38, the "**Transfer**" was "from AmeriSci's Common Share folder to Chan's Virtual Machine" – this transfer is in accordance with the policies as described by Plaintiff. Plaintiff's mischaracterization is denied; the balance of the paragraph is admitted that Defendant transferred files from one location inside Plaintiff's secure system to another location inside Plaintiff's secure system in order to perform Defendant's work for Plaintiff; Defendant worked with Plaintiff's IT personnel on Defendant's inability to access certain files necessary to the performance of his work.

40. Denied. There exists no factual pleading and no evidence that Defendant

transferred a single bit of data out of Plaintiff's building – the prior averments explicitly state that Defendant made an authorized transfer within Plaintiff's building. Defendant did not install, and could not install, any VPN on Plaintiff's computer.

41. Denied; by way of clarification, Defendant did not install any VPN.

42. Denied.

43. Denied; by way of further denial, what "could" have been done with Plaintiff's data is speculative and not an averment of fact.

44. Denied. Plaintiff is admitting it has no information that Defendant is using or has used any Trade Secret.

45. The chronology is generally admitted; however, the reason is denied. Defendant's authorization to work in the USA was terminated because Plaintiff successfully made good on its threats; see Defendant's Counterclaim. The balance of this Paragraph and Plaintiff's gratuitous false statements about Defendant's statements are denied.

## COUNT I

46. Defendant incorporates the foregoing Paragraphs by this reference.

47. Defendant is without sufficient information to admit or deny, Plaintiff did not attach such Agreement to its Complaint and Defendant is not presently aware of the Agreement's purport, furthermore, this Paragraph makes a legal conclusion; this Paragraph is denied as stated.

48. Defendant is without sufficient information to admit or deny, Plaintiff did not attach such Agreement to its Complaint and Defendant is not presently aware of the Agreement's purport, furthermore, this Paragraph makes a legal conclusion; this Paragraph is denied as stated.

49. Denied.

50. Denied.

51. Denied.

## COUNT II

52. Defendant incorporates the foregoing Paragraphs by this reference.

53. Denied.

54. Denied.

55. Denied.

## COUNT III

56. Defendant incorporates the foregoing Paragraphs by this reference.

57. Defendant is without sufficient information to admit or deny and this Paragraph makes a legal conclusion; therefore, this Paragraph is denied as stated.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT IV

62. Defendant incorporates the foregoing Paragraphs by this reference.

63. Defendant disputes the legal assertion made by Plaintiff; this Paragraph is denied as stated.

64. Defendant is without sufficient information to admit or deny and this Paragraph makes a legal conclusion; therefore, this Paragraph is denied as stated.

65. No information has been removed from Plaintiff's possession and therefore, such demand is frivolous. Defendant denies this Paragraph as stated.

66. Denied.

67. Denied.

68. Denied.

## COUNT V

69. Defendant incorporates the foregoing Paragraphs by this reference.

70. Denied.

71. The quotations partially capture the provisions of the VCCA, however, it is materially incomplete and, therefore, this Paragraph is denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT VI

77. Defendant incorporates the foregoing Paragraphs by this reference.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## COUNT VIII

82. Defendant incorporates the foregoing Paragraphs by this reference.

83. It is admitted that Defendant had access to Plaintiff's information; Defendant is without sufficient information to admit or deny the balance of this Paragraph and, therefore, deny the same.

84. Defendant is without sufficient information to admit or deny the averments in this Paragraph and, therefore, deny the same.

85. Admitted, although Defendant does not presently have the purported, operant agreement and Plaintiff did not attach it to its Complaint, though Defendant is not presently able to dispute the intents and purport of such agreement.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT VIII

92. Defendant incorporates the foregoing Paragraphs by this reference.

93. Denied.

94. Denied.

## COUNT IX

95. Defendant incorporates the foregoing Paragraphs by this reference.

96. Denied.

97. Denied.

98. AND FURTHER, Defendant denies each and every averment of fact in Plaintiff's "WHEREFORE" clause and further denies each and every allegation that Defendant is indebted to Plaintiff in any sum, for any reason.

**DEFENSES**

99. Plaintiff's Complaint fails to state a plausible claim upon which the requested relief may be granted. Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this Complaint for failure to state a claim up which the requested relief may be granted.

100. Plaintiff alleges, in part, that it has incurred costs in investigating the file transfer from one of Plaintiff's systems to another of Plaintiff's systems, as alleged by Plaintiff, such costs were incurred solely by Plaintiff's own incompetent employee(s) or contractor(s) and not because of any act of Defendant and, therefore, the demand that Defendant pay Plaintiff for the incompetence of Plaintiff's own employee(s) or contractor(s) is barred.

101. Plaintiff's claims are barred by its own illegal and fraudulent conduct.

102. Defendant has been materially prejudiced by Plaintiff's failure to preserve evidence material and relevant to the alleged incidents and, therefore, Plaintiff's claims are barred.

103. Plaintiff's inequitable conduct has barred its request for equitable relief.

104. Plaintiff's claims are barred by laches from recovering against Defendant by reason of undue delay, the passage of time, the loss of necessary documents and evidence, and the degradation of memory of material and relevant witnesses.

105. Plaintiff's claims are barred because Plaintiff, or its representative(s), supervised Defendant in his actions, agreed with such conduct, authorized such conduct, and consented to the conduct of Defendant during the file transfer within Plaintiff's secure system.

106. Plaintiff's Complaint contains nine counts that seek duplicative recovery and Plaintiff must elect among its alleged remedies.

107. Plaintiff has not set out their claims in sufficient detail for Defendant to raise all

appropriate defenses; therefore, Defendant reserves the right to raise and assert other or additional defenses as may become apparent in discovery.

108.   **WHEREFORE**, Defendant Enoch Chan, having answered each Paragraph, respectfully requests the Court to dismiss Plaintiff's Complaint *in toto* and with prejudice, to order Plaintiff to pay all costs, including reasonable attorney's fees, in defenses of this action, and for such other and additional relief as the Court deems equitable and just.

## MOTION TO DISMISS
## FED R. CIV. P. 12(b)(6)

109.   Plaintiff's allegations specifically describe that Defendant moved files from one location to another location *within* Plaintiff's secure system, pursuant to his duties to Plaintiff.

110.   Plaintiff's claims of relief each require that Defendant moved Plaintiff's files outside of its secure system, took possession of them, or sold them and gained some advantage or profit at their sale, etc.

111.   Each claim of relief is necessarily defeated by Plaintiff's admissions in its Complaint that Defendant moved said files from one location to another within Plaintiff's secure system.

112.   Furthermore, Plaintiff fails to attach the relevant agreement that was allegedly breached and fails to describe a single act of Defendant that breached such agreement.

113.   Because Plaintiff specifically alleges that Defendant never moved any file out of Plaintiff's secure system, each of Plaintiff's requested relief may not be granted.

114.   Plaintiff's Complaint fails to articulate a plausible allegation or right of recovery that Defendant caused any harm, breached any contract, converted any property, or obtained any value because it specifically pleads that Defendant moved such files from one location to another within Plaintiff's secure system and fails to plead that it has any knowledge that any person other

than Plaintiff has possession of any of Plaintiff's files because of Defendant.

115.  A Memorandum in Support hereof will be filed in due course.

**WHEREFORE**, Defendant Enoch Chan, respectfully requests the Court grant this motion, and dismiss Plaintiff's Complaint *in toto* and with prejudice, to order Plaintiff to pay all costs, including reasonable attorney's fees, in defenses of this action, and for such other and additional relief as the Court deems equitable and just.

## COUNTERCLAIM

COMES NOW, Enoch Chan, by and through counsel, and for his Counterclaim against America Science Team Richmond, Inc., ("AmeriSci"), and, in support thereof, respectfully avers as follows:

1.  Counterclaim-Plaintiff has had his dream of attending medical school in the United States, becoming an American citizen, and practicing medicine in the United States shattered by the conduct of AmeriSci and, at that time, its senior vice president and general counsel, Elaine H. Chang.[1]

2.  Counterclaim-Plaintiff worked as an employee for AmeriSci in New York while he was going through the immigration process under the representation and advice of Ms. Chang.

3.  Ms. Chang guided Counterclaim-Plaintiff and his family through the process of applying for Enoch's EB-2 or EB-3.

4.  Ms. Chang filed Enoch's PERM Application with the Department of Labor, which was approved in 2017. At that time, Enoch was lawfully present in the United States on his student visa and was eligible to obtain lawful permanent residence.

---

[1] Ms. Chang, at that time, was also Enoch's immigration lawyer; this was an undisclosed material conflict of interest that is subject to collateral actions that will not be litigated in this Counterclaim.

11

5. Because Ms. Chang utilized the wrong version of the I-140 petition, and the previously-filed PERM was older than 180 days, the process had to be reinitiated.

6. Ms. Chang filed a new PERM application however, because there were too many candidates in the New York area, Ms. Chang recommended Enoch move to Richmond, Virginia; Enoch did as Ms. Chang advised.

7. In 2019, Enoch began working for AmeriSci in Richmond, and the process began again; this time, the PERM application with the DOL was approved, Ms. Chang filed the Form I-140 and Form I-485, and the process appeared to be moving forward.

8. In May 2020, USCIS requested Supplement J to Form I-485, a Confirmation of Bona Fide Job Offer signed by the employer.

9. In July of 2020, Elaine notified Enoch's mother, Jean, that AmeriSci had already signed the I-485 Supplement J, however, was withholding it. Exhibit 1.[2]

10. Such message mirrored in-person representations from Ms. Chang that AmeriSci was demanding more money to continue its cooperation in delivering the already-signed Supplement J.

11. The pretextual claim that Enoch had copied data on AmeriSci's computers had no merit or basis in fact – the threat from AmeriSci was clear: pay more money, keep working for AmeriSci, or be deported.

12. Ms. Chang, simultaneously, was demanding that Enoch, through his parents, pay additional sums to include the PERM labor certification process; however, the Department of

---

[2] Exhibit 1 is a communication between Elaine Chang and Enoch's mother in Chinese. The relevant purport of the communication, in context with the surrounding events, is that AmeriSci had already signed the Supplement J, but was withholding it until Enoch's parents paid substantial sums of money to AmeriSci. A formal translation of such communication will be forthcoming.

12

Labor requires the employer (AmeriSci) to pay any attorney fees and recruitment fees.  20 CFR 656.12.[3]

13.     Further, Ms. Chang did not advise Enoch that he could port to another employer – a clear indication of her split loyalties; therefore, operating as an agent of AmeriSci, Ms. Chang played her part and left Enoch in the powerless position of being forced to continue to work for AmeriSci despite the facially hostile situation and clear alternative of porting.

14.     Enoch was resolute, however, and refused to comply with AmeriSci's scheme of fraud and extortion; Enoch alerted AmeriSci's human resources to the facts of the matter, but AmeriSci made good on its threat and withheld Enoch's Supplement J, which was already signed and therefore Enoch's property and immigration document.

15.     Ultimately, on August 11, 2021, USCIS issued its decision that Enoch's application was to be denied because the Supplement J was not provided by AmeriSci.

16.     Because of AmeriSci's conduct, Enoch was forced to leave the United States, lost his immigration status, and suffered significant harms and losses.

17.     Because of AmeriSci's conduct, Enoch has been materially prejudiced in his immigration process, was forced to leave the United States, suffered extreme emotional and physical stress, lost employment opportunities, suffered future diminution of wages or income, and lost other benefits of matriculating to medical school in the United States, and obtaining employment as a physician in the United States.

18.     Further, because of AmeriSci's conduct, Enoch has incurred significant costs

---

[3] "An alien may pay his or her own costs in connection with a labor certification, including attorneys' fees for representation of the alien, except that where the same attorney represents both the alien and the employer, such costs shall be borne by the employer. For purposes of this paragraph (b), payment includes, but is not limited to, monetary payments; wage concessions, including deductions from wages, salary, or benefits; kickbacks, bribes, or tributes; in kind payments; and free labor." 20 CFR 656.12(b).

associated with being forced to leave the United States and to find alternative means of obtaining his goal of entering medical school.

19. Finally, because of AmeriSci's conduct, Enoch has incurred substantial fees and costs in prosecuting this action against AmeriSci.

**COUNT I – TVPRA**
**18 USC §§ 1589, 1592, 1595, and 1597**

20. Defendant and Counterclaim Plaintiff incorporates the foregoing paragraphs as if restated herein.

21. The Trafficking Victims Prevention and Protection Reauthorization Act, TVPRA, and its predecessor TVPA proscribe forced labor by threats and proscribes obtaining labor by withholding immigration documents. **18 USC §§ 1581** *et seq*.

22. In relevant part, the law prohibits,

*(a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—*
*(1) [];*
*(2) []*
*(3) by means of the abuse or threatened abuse of law or legal process; or*
*(4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d).*
*[]*
*(c) In this section:*
*(1) The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.*

18 USC § 1589.

23. Further, the law prohibits a person from…

*(a) [] knowingly destroys, conceals, removes, confiscates, or possesses any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person*

14

*(1) in the course of a violation of section [] 1589, []*
*(2) with intent to violate section [] 1589, []*
*[].*

   18 USC § 1592.

   24. Further, the law prohibits the,

*(a) Destruction, concealment, removal, confiscation, or possession of immigration documents. It shall be unlawful for any person to knowingly destroy, conceal, remove, confiscate, or possess, an actual or purported passport or other immigration document of another individual*

*(1) []*
*(2) []*
*(3) in order to, without lawful authority, maintain, prevent, or restrict the labor of services of the individual.*

18 U.S.C.S. § 1597.

   25. Finally, the TVPRA permits a civil remedy for a violation of Chapter 77 of Title 18, which includes § 1589, § 1592, and § 1597. 18 USC § 1595.

   26. The statute permits a victim to "bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter [18 USCS §§ 1581 et seq.]) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." 18 USC § 1595.

   27. The "TVPA not only protects victims from the most heinous human trafficking crimes, but also various additional types of fraud and extortion leading to forced labor." *Mairi Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 790 F. Supp. 2d 1134, 1145 (C.D. Cal. 2011).

   28. By its conduct in and before November 2019 and continuing to August 2020, AmeriSci, in coordination with Ms. Chang, sought to compel Enoch into forced labor and to obtain additional money from Enoch and his family, in exchange for AmeriSci's continued

immigration sponsorship.

29.     Furthermore, AmeriSci had already signed Enoch's Supplement J and, therefore, that immigration document was the property of Enoch and AmeriSci was obligated to deliver it; AmeriSci's conduct of holding the Supplement J hostage was akin to holding a person's passport or visa hostage to secure additional labor or increased payments, similar to the holding in *Mairi Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 790 F. Supp. 2d 1134, 1144 (C.D. Cal. 2011).

30.     AmeriSci knew that Enoch and his family were highly motivated to obtain Enoch's lawful permanent residency, and to complete his immigration process.  AmeriSci believed it could extort additional money from Enoch's family, because, through AmeriSci's agent, Elaine Chang, AmeriSci knew that Enoch's family had sufficient resources to make additional payments.

31.     Because of AmeriSci's conduct, Enoch has been materially prejudiced in his immigration process, was forced to leave the United States, suffered extreme emotional and physical stress, lost employment opportunities, suffered future diminution of wages or income, and lost other benefits of matriculating to medical school in the United States, and obtaining employment as a physician in the United States.

32.     Further, because of AmeriSci's conduct, Enoch has incurred significant costs associated with being forced to leave the United States and to find alternative means of obtaining his goal of entering medical school.

33.     Finally, because of AmeriSci's conduct, Enoch has incurred substantial fees and costs in prosecuting this action against AmeriSci.

**WHEREFORE**, Defendant and Counterclaim Plaintiff, Enoch Chan, respectfully requests this Honorable Court to enter judgment in favor of Enoch Chan and against America

Science Team Richmond Inc. in the sum of Ten Million Dollars compensatory damages and Three Million Dollars punitive damages, or such total sum as permitted by law, whichever is greater, and for all attorney's fees and litigation costs expended in bringing this action, and for such other or additional relief as the Court deems equitable and just.

### JURY DEMAND

DEFENDANT AND COUNTERCLAIM PLAINTIFF ENOCH CHAN RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

        Respectfully Submitted,

        Enoch Chan,

        By: _____/s/ Matthew Crist_____
        Matthew A. Crist, VSB No. 85922
        mcrist@MACPLLC.net
        Matthew A. Crist, PLLC
        9200 Church St.
        Suite 200
        Manassas, VA 20110
        Phone: (703) 665-7878
        Direct: (571) 551-6859
        *Counsel for Defendant*
        *and Counterclaim Plaintiff*
        *Enoch Chan.*

**EXHIBIT 1**


Elaine 張慧玲律師　　　　　　　　　　　　07-25 23:13:36

公司簽了I-485J 的表格，只是還沒交給我。就看你們下週內如何回應了。


Jean Wu (CA)　　　　　　　　　　　　　07-26 11:31:42

Elaine, 不好意思錯過了妳的微信電話，說實在收到公司的這封Settlement Agreement 的電郵，心都涼了，也無言了。Agreement 內一口咬定Enoch犯了錯，四月Enoch已經要求公司明查，但公司一直沒有任何舉動，妳我和David三人的conference call時妳也提及相信Enoch不會做犯法的事，我以為公司已經明白，但現在看到這個Settlement Agreement要我們賠償，電郵又提及不會幫我們繼續辦理綠卡，時間越緊迫越加價，現在總共加了兩次價。我覺得公司根本沒有誠意幫我們，真的讓人洩氣失望。。。我都不知道說什麼了


Elaine 張慧玲律師　　　　　　　　　　　　07-26 12:58:25

我已经告诉妳公司文件已签名；为何妳看不懂？连David也看不懂？