IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| AMERICA SCIENCE TEAM RICHMOND, INC., Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No.: 3:22-cv-451-JAG ) |
| ENOCH CHAN, Defendant. | ) ) ) ) |

### PROTECTIVE ORDER

This matter comes before the Court upon consideration of the agreed motion of the Parties for entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c) and Rule 5 of the Local Rules of the United States District Court for the Eastern District of Virginia, and,

IT APPEARING TO THE COURT, that good cause exists to enter such an order governing the disclosure of sensitive documents and information in this action, therefore, it should be and is hereby:

ORDERED that the following Protective Order will govern the production and treatment of all documents or material in this action that are designated Confidential, as defined herein.

1. The issues in this civil action ("**Action**") may require the Parties to produce in discovery certain materials including sensitive and confidential personal, business, trade secret, and other materials, the disclosure of which would be harmful to the owners' interests. Therefore, there is good cause for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c).

2. This Protective Order will govern the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof

1

(collectively, the "**Material**") produced or given by any Party or non-party (the "**Producing Party**") during pre-trial proceedings in this Action. Material produced in this Action may be used only for the purpose of this Action and related post-judgment action(s), and may not be published or disclosed to any person other than as is reasonably needed to prosecute or defend this action. The Material may not be used for any other business, competitive, personal, private, public, or other purpose. The measures designated by this Protective Order are reasonable and, at this time, are not expected to prejudice anyone or unduly burden the Court.

    3.    Except with the prior written consent of the Producing Party, any Material that the Producing Party designates as CONFIDENTIAL will be considered "Protected Material" and may not be disclosed to any person or used for any purpose except as expressly permitted in this Order. The Producing Party may designate as "CONFIDENTIAL" any Material that it produces in this Action which contains confidential information, client confidences, client medical information, attorney-client communications, work product materials, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law. The designations may be made by an attorney for any Party or any person producing documents or things and will be designated in conformance with the procedures outlined in this Protective Order.

    4.    If a Party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order in writing to all Parties to the action with respect to any Confidential Material to be provided to the requesting Party by the non-party. The term "Producing Party" encompasses not only the parties to this action but third parties who may disclose or produce information, e.g., in response to a subpoena. After this Protective Order is entered by the Court, a

copy of this Protective Order must be included with each subpoena served on any person or entity that is not a Party to this Action.

5.  Except as provided herein, absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Material may be disclosed only to the following persons:

(a) Personnel employed by Parties to this lawsuit who are directly and actively involved in assisting with the prosecution or defense of this Action;

(b) Outside counsel of record for the Parties;

(c) In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Action;

(d) Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties or counsel to assist in the preparation of this case;

(e) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Action, and computer service personnel performing duties in relation to a computerized litigation system;

(f) The Court, court reporters, videographers, stenographers, and court personnel;

(g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Action;

    (h)    Any person who (a) authored or received the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (b) is substantively discussed in the material, but only as to the specific material in which such person is substantively discussed, (c) is currently employed by the producing party and has legitimate access to the material, or (d) was formerly employed by the Producing Party, but only as to specific material to which such person had access during his/her employment; and

    (i)    Any other person ordered by the Court or agreed to in writing by the Parties.

6.    Each person given access to Protected Material will be advised that the Protected Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

    (a)    Before any person described above in Paragraph 4(d) is given access to Protected Material, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as *Exhibit A*, to be bound by the provisions of this Protective Order.

    (b)    Before any other person described in Paragraph 4 is shown any Protected Material, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

7.    The designation of Protected Material for the purposes of this Protective Order will be made in the following manner:

    (a)    In the case of documents and written discovery responses, by affixing the legend "CONFIDENTIAL" to each page containing any Protected Material.

(b) In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "**Electronic Data**"), by designating the Electronic Data as Confidential in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduced Protected Electronic Data to hard copy form, it will mark the hard copy with the appropriate designation. Whenever any Protected Electronic Data is copied, all copies will be marked with the appropriate designation.

(c) If a Party or non-party discloses non-documentary things, such as hard drives, computers, or similar devices or media, that the disclosing Party or non-party reasonably believes contain Confidential documents or information, such disclosing party may designate such thing as Confidential by producing with it a certification that it has notified the receiving Party that such thing is considered Confidential as if it were a document produced hereunder.

(d) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record within fifteen business days after receipt of the transcript of the deposition. All transcripts will be considered Confidential and subject to this Protective Order until expiration of such fifteen-day period. All videotapes or recordings of depositions will be clearly labeled

"CONFIDENTIAL" pursuant to this Protective Order.

(e) To the extent that a person described in Paragraph 4 creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Protected Material, such person will take all necessary steps to ensure that access to any Protected Material is restricted to those persons who, by the terms of this Protective Order, are allowed access to such material.

(f) The inadvertent failure to stamp a document as Confidential will not be deemed a waiver of a claim of confidentiality. The Producing Party will give written notice to the Party receiving the Protected Material promptly after the omission is discovered, and the receiving Party will thereafter treat those materials as Confidential in accordance with this Protective Order.

8. The restrictions, if any, that will govern the use of Protected Material at trial or hearings will be determined at a later date by the Court, in consultation with the Parties, if necessary.

9. Nothing in this Protective Order will preclude any Party or its attorney from showing a document designated as Confidential to an individual who prepared, authored, received, or reviewed the material prior to the filing of this Action.

10. Nothing in this Protective Order abridges any applicable procedural or substantive rule or law concerning inadvertent production of a Document that the producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information. Pursuant to applicable Federal Rules of Civil Procedure and Federal Rules of

Evidence, the Parties have agreed to a clawback procedure to govern the inadvertent disclosure of any Document that is subject to the attorney-client privilege or attorney work product doctrine ("**Privileged Material**"). The Parties acknowledge that they will undertake reasonable efforts to identify and withhold any Privileged Material in response to discovery requests served in this matter. However, the Parties further acknowledge that, given the volume of documents being reviewed and produced in discovery, and despite the Parties' best efforts to conduct a thorough pre-production review of all responsive documents for Privileged Material, one Party may inadvertently produce Privileged Material to the other Party, which the producing Party would otherwise redact or withhold in its entirety. If a Party inadvertently produces any Privileged Material that the producing Party would have otherwise redacted or withheld in its entirety, the producing Party may within fourteen (14) days after it actually discovers that such inadvertent production occurred, amend such production by:

    (a)    notifying the receiving Party in writing of the inadvertent production of such Privileged Material;

    (b)    requesting that the receiving Party either promptly return such Privileged Material to the producing Party or promptly destroy such Privileged Material;

    (c)    if applicable, promptly providing the receiving Party with redacted or replacement versions of such Privileged Material; and

    (d)    if applicable, promptly providing the receiving Party with any privilege logs associated with such Privileged Material.

Upon receiving a written request from the producing Party, the receiving Party should promptly return such Privileged Material or promptly destroy such Privileged Material within seven (7)

business days.  This includes all copies, electronic or otherwise, of any such Privileged Material. The receiving Party will also, within seven (7) business days of receiving such written request from the producing Party, provide written conformation to the producing Party that it has returned or destroyed the original and all copies of the Privileged Material.  Pursuant to Federal Rule of Evidence 502 the attorney-client privilege and/or work product protection is not waived by disclosure connected with the litigation pending before this Court, nor will such a disclosure be a waiver as to the subject matter of that Privileged Material.  By complying with protocol set forth in this Paragraph in response to a written notice of inadvertent production of Privileged Material, no party waives any right it has to challenge the producing Party's assertion of privilege with respect to such Privileged Material or its right to request an order of the court denying such privilege.  Any Privileged Material inadvertently disclosed by a Party in this action will be and remain the property of the producing Party.

       11.    Any Party may object to the designation of any Material as Confidential by giving written notice to the Producing Party that it objects to the designation.  Such notice will specifically identify the Material at issue and state the reasons for questioning the designation.  The Objecting and Producing Party will confer in good faith to resolve any such dispute.  If the Parties are unable to resolve the dispute, the Producing Party may apply to the Court for a ruling that the Material is appropriately designated, giving notice to the Objecting Party.  If such a motion is made, the Producing Party will have the burden to establish that the designation is proper.  Until the Court rules on the motion, the documents will be treated as originally designated.

       12.    If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Protective Order, and such subpoena, document demand, or request seeks

Material which was produced or designated as Confidential Material by the Producing Party, the person receiving the subpoena, document demand, or request will give written notice immediately (no more than 24 hours after receipt) to counsel for the Producing Party and will, to the extent permitted by law, withhold production of the Material until any dispute relating to the production of such Material is resolved.

13. This Protective Order may be modified by further stipulation of the parties, subject to Court approval, and a Party may apply to the Court for relief from this Protective Order after giving notice to counsel of record and conferring with opposing counsel in an effort to reach agreement on any proposed modification.

14. This Court retains jurisdiction over the Parties to consider whether this Order has been violated.

15. If any Party believes in good faith that there has been a violation of this Order, that Party will promptly notify this Court as soon as practicable. The Court will have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order governing the protection of material that is designated Confidential.

16. Nothing in this Order will affect a Party's use or disclosure of its own documents and records in any way.

17. Any document or thing marked Confidential produced pursuant to this Order that must be filed with any Court for any reason will be marked as Confidential and filed under seal, following the procedures established by the Local Rules for the United States for the Eastern District of Virginia.

18. Thirty days after the conclusion of this action, to include any appeal or other post-judgment action, whichever is later, all Protected Materials still in the possession of the receiving

Party and designated pursuant to this Order and produced in this action will be destroyed, deleted, or otherwise removed from the possession of the receiving Party and its agents, attorneys, employees, designees, witnesses, or any other person receiving such material.

19. Upon conclusion of this Action, the Clerk will destroy or return any sealed materials to the Party who filed it.

20. *The Parties are expected to resolve any dispute related to the terms and requirements of this Order. If the Court is asked to intervene, the non-prevailing party may be subject to sanctions.*

IT IS SO ORDERED.

Entered this __29__ day of __September__, 2025.

/s/ John A. Gibney, Jr.
THE HONORABLE John A. Gibney, Jr.
Senior United States District Judge

COPIES TO: Stephen M. Faraci, Sr., Esquire (VSB #42748)
Robert N. Drewry, Esquire (VSB #91282)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1021 E. Cary Street, Suite 2001
Richmond, Virginia 23219
Telephone: (804) 977-3307
Facsimile: (804) 977-3298
E-Mail: sfaraci@whitefordlaw.com
E-Mail: rdrewry@whitefordlaw.com
***Counsel for Plaintiff,***
***America Science Team Richmond, Inc.***

Matthew A. Crist, Esq.,
9200 Church Street, Suite 200
Manassas, VA 20110
Office: (703) 665-7878
Direct: (571) 551-6859
mcrist@macpllc.net
***Counsel for Defendant,***
***Enoch Chan***