**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| **AMERICA SCIENCE** ) | |
| **TEAM RICHMOND, INC,** ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No.: 3:22-cv-451-JAG** |
| ) | |
| **ENOCH CHAN,** ) | |
| Defendant ) | |
| ) | |

## AMENDED ANSWER

COMES NOW, Defendant Enoch Chan, by and through counsel, and for his Amended Answer to Plaintiff's June 22, 2022, Complaint (DKT 1).

1.        Admitted.

2.        Admitted.

3.        Defendant is without information sufficient to admit or deny the averments in this paragraph and, therefore, deny the same.

4.        It is admitted that defendant agreed to abide by certain policies, however, Defendant did not fail to abide by his agreement, nor misappropriate any data, nor cause Plaintiff to sustain any damages.  Defendant denies the averments in this Paragraph and Plaintiff is held to its strict proofs.

5.        Denied.

6.        This Paragraph contains legal conclusions to which no Answer is required; however, to the extent an Answer is required, Defendant denies the same.

7.        Admitted in part; Defendant's address, at one point, was the address stated, however, Defendant is no longer a resident of the United States or Canada; otherwise denied.

1

8.      The jurisdiction of this Court is not disputed.  Any averment of fact in this paragraph is denied.

9.      The jurisdiction of this Court is not disputed.  Any averment of fact in this paragraph is denied.

10.     The jurisdiction of this Court is not disputed.  Any averment of fact in this paragraph is denied.

11.     Venue in this Court is not disputed.  Any averment of fact in this paragraph is denied.

12.     The jurisdiction of this Court is not disputed.  Any averment of fact in this paragraph is denied.

13.     Defendant is without information sufficient to admit or deny the averments in this paragraph; however, does not dispute the historical recitation; any averment of fact pertaining to Defendant is denied.

14.     Defendant is without information sufficient to admit or deny the averments in this paragraph; however, does not dispute that AmeriSci has performed such functions and earned such accolades; any averment of fact pertaining to Defendant is denied.

15.     Defendant denies Plaintiff has sufficiently secured or kept confidential the items listed in this Paragraph and, therefore, denies such averments.

16.     Defendant does not dispute the history, however, denies such averments.

17.     Denied, AmeriSci operates based upon public and non-confidential information provided largely by government agencies.

18.     Denied, AmeriSci's network and security systems were woefully inadequate.

19.     Denied, all such information is provided by government agencies and is generally

known by anyone who attempts to research it.

20.     Admitted.

21.     Admitted.

22.     Admitted as to Defendant; Defendant is without information of Plaintiff's

practices as to other employees.

23.     Defendant does not dispute the content of Plaintiff's Agreement; however, the

Agreement, and other documents, did not provide any identification of any documents or

information to which Defendant was or was not permitted to access or transfer within AmeriSci's

network; the averments in this Paragraph are otherwise denied.

24.     Admitted.

25.     It is admitted the section speaks for itself; however, Defendant was authorized to

access each file he accessed.

26.     Denied, the section titled "SOFTWARE" under Section 5.04 states, "Employees

may only use software on local area networks or on multiple machines according to the software

license agreement. AMERISCI RICHMOND prohibits the illegal duplication of software and its

related documentation. **Employee-purchased software** must be approved by the Network

Manager before being installed" (emphasis added).  There is no allegation or evidence that

Defendant purchased any software.

27.     The content of Plaintiff's policies speak for themselves; all averments and

allegations in this Paragraph are denied.

28.     The content of Plaintiff's policies speak for themselves; all averments and

allegations in this Paragraph are denied.

29.     Admitted.

3

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Defendant does not dispute such total time worked is accurate, however, Defendant does not presently recall such details sufficiently to admit or deny; documents produced in discovery appear to corroborate such details – but it is Defendant's recollection that he was never left unsupervised.

38.    Defendant is unaware of Plaintiff's routine computer maintenance, however, has no reason to dispute the same; it is admitted that Defendant transferred files within Plaintiff's secure system in order to conduct his work; such transfer was in accordance with Plaintiff's policies and Plaintiff fails to allege Defendant removed a single bit of data outside of Plaintiff's secure system.

39.    The characterization of "unauthorized" is false and therefore denied; as plead by Plaintiff in Paragraph 38, the "**Transfer**" was "from AmeriSci's Common Share folder to Chan's Virtual Machine" – this transfer is in accordance with the policies as described by Plaintiff. Plaintiff's mischaracterization is denied; the balance of the paragraph is admitted that Defendant transferred files from one location inside Plaintiff's secure system to another location inside Plaintiff's secure system in order to perform Defendant's work for Plaintiff; Defendant worked with Plaintiff's IT personnel on Defendant's inability to access certain files necessary to the

performance of his work because of Plaintiff's faulty system.  Plaintiff was aware that

Defendant's father had cancer and was scheduled for surgery – the family medical leave did not

start on November 19, 2019.

40.    Denied.  There exists no factual pleading and no evidence that Defendant

transferred a single bit of data out of Plaintiff's building – the prior averments explicitly state

that Defendant made an authorized transfer within Plaintiff's building.  Defendant did not install

any VPN on Plaintiff's computer.  Furthermore, there existed no program, including the VPN, to

transfer any file, and the evidence shows the alleged VPN was never executed or running.

41.    Denied; by way of clarification, Defendant did not install any VPN.

42.    Denied.

43.    Denied; by way of further denial, what "could" have been done with Plaintiff's

data is speculative and not an averment of fact.

44.    Denied.  Plaintiff is admitting it has no information that Defendant is using or has

used any Trade Secret.

45.    The chronology is generally admitted; however, the reason is denied.

Defendant's authorization to work in the USA was terminated because Plaintiff successfully

made good on its threats to hold Defendant's immigration sponsorship in exchange for a demand

for hundreds of thousands of dollars.  The balance of this Paragraph and Plaintiff's gratuitous

false statements about Defendant's statements are denied.

## COUNT I

46.    Defendant incorporates the foregoing Paragraphs by this reference.

47.    Plaintiff's agreement is not wholly legally enforceable – provisions therein have

been held to violate public policy and are not enforceable; therefore, denied.

48.     Denied as vacuous.  The information in question was not a product created by AmeriSci but, based upon the very little produced by Plaintiff, it appears the information in Plaintiff's Common Share Folder was publicly known information provided by government agencies and manufacturers of various products – the Agreement speaks for itself.

49.     Denied, notably, AmeriSci failed to sponsor Defendant as promised, failed to pay all wages and accrued leave as required by law, and failed to act in good faith and fair dealing as an employer and immigration sponsor; furthermore, AmeriSci attempted to extort money from Defendant and has acted in bad faith and inequitably.

50.     Denied.

51.     Denied.

## COUNT II

52.     Defendant incorporates the foregoing Paragraphs by this reference.

53.     Denied.

54.     Denied.

55.     Denied.

## COUNT III

56.     Defendant incorporates the foregoing Paragraphs by this reference.

57.     Defendant is without sufficient information to admit or deny and this Paragraph makes a legal conclusion; therefore, this Paragraph is denied as stated; by way of additional denial, Plaintiff has failed to identify with any level of specificity what property was accessed, let alone the condition of such property being not generally known or public information.  On information and belief, the property in question was all provided by government agencies and stored in Plaintiff's "Common Share Folder" – indicative of non-confidential information.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

## COUNT IV[1]

62.     Defendant incorporates the foregoing Paragraphs by this reference.

63.     Reserved.

64.     Reserved.

65.     Reserved.

66.     Reserved.

67.     Reserved.

68.     Reserved.

## COUNT V

69.     Defendant incorporates the foregoing Paragraphs by this reference.

70.     Denied; Plaintiff authorized Defendant to access all documents and property in the "Common Share Folder."

71.     The quotations partially capture the provisions of the VCCA, however, it is materially incomplete and, therefore, this Paragraph is denied; Defendant was authorized to access all documents and property in the "Common Share Folder."

72.     Denied.

73.     Denied.

---

[1] Count IV has been dismissed.

74.     Denied.

75.     Denied.

76.     Denied.

## COUNT VI

77.     Defendant incorporates the foregoing Paragraphs by this reference.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

## COUNT VII

82.     Defendant incorporates the foregoing Paragraphs by this reference.

83.     It is admitted that Defendant had access to Plaintiff's information and kept it as confidential as Plaintiff did – Defendant did not move any document or thing out of Plaintiff's network.

84.     Denied, the "Common Share Folder" appears to have been all generally-known information, but Plaintiff has failed to identify what documents it believes were released.

85.     Denied; the content of the Agreement speaks for itself, however, AmeriSci failed to take reasonable measures to identify what data Defendant was not permitted to access in the "Common Share Folder" and thus did not restrict access to such information.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.    Denied.

91.    Denied.

## COUNT VIII[2]

92.    Defendant incorporates the foregoing Paragraphs by this reference.

93.    Reserved.

94.    Reserved.

## COUNT IX[3]

95.    Defendant incorporates the foregoing Paragraphs by this reference.

96.    Reserved.

97.    Reserved.

98.    AND FURTHER, Defendant denies each and every averment of fact not specifically denied herein, and in Plaintiff's "WHEREFORE" clause and further denies each and every allegation that Defendant is indebted to Plaintiff in any sum, for any reason.

## DEFENSES

99.    Plaintiff's Complaint fails to state a plausible claim upon which the requested relief may be granted.

100.    Plaintiff alleges, in part, that it has incurred costs in investigating the file transfer from one of Plaintiff's systems to another of Plaintiff's systems, as alleged by Plaintiff, such costs were incurred solely by Plaintiff's own incompetent employee(s) or contractor(s) and not because of any act of Defendant and, therefore, the demand that Defendant pay Plaintiff for the incompetence of Plaintiff's own employee(s) or contractor(s) is barred.

---

[2] Count VIII has been dismissed.
[3] Count IX has been dismissed.

101.    Plaintiff fails to allege and cannot prove any act of Defendant proximately caused any cognizable loss, damage, or harm, in any form.

102.    The harms (if any there were) as alleged by Plaintiff in its Complaint were caused by persons other than Defendant, namely, at least, Alexander Cordesman.

103.    Plaintiff has failed to allege and cannot prove that any cost was incurred because of or substantially related to any of Defendant's actions.

104.    Plaintiff has failed to allege and cannot prove that any cost it may have incurred was reasonably necessary to remedy any harm substantially caused by any act of Defendant, if any.

105.    Plaintiff has failed to allege and cannot prove that any act of Defendant was a substantial cause of any loss, harm, or cost it may have incurred.

106.    Plaintiff has failed to allege and cannot prove that Defendant has profited in any way, was enriched in any way, or obtained any payment related to Plaintiff's property, of any description.

107.    Plaintiff failed to mitigate, and in fact caused, its alleged damages (if any).

108.    Plaintiff's claims are barred by its own illegal and fraudulent conduct.

109.    Defendant has been materially prejudiced by Plaintiff's failure to preserve evidence material and relevant to the alleged incidents and, therefore, Plaintiff's claims are barred.

110.    Plaintiff's inequitable conduct has barred its request for equitable relief.

111.    Plaintiff's claims are barred by laches from recovering against Defendant by reason of undue delay, the passage of time, the loss of necessary documents and evidence, and the degradation of memory of material and relevant witnesses.

112.    Plaintiff's claims are barred because Plaintiff, or its representative(s), supervised Defendant in his actions, agreed with such conduct, authorized such conduct, and consented to the conduct of Defendant during the file transfer within Plaintiff's secure system by, *inter alia*, providing to Defendant such authorized access as his administrator credentials afforded him to the "Common Share Folder" as described by Plaintiff.

113.    Plaintiff failed to provide any notice to Defendant as to any limitation on what files he was authorized to access or transfer within Plaintiff's network or computer system.

114.    Plaintiff's claims are barred, in whole or in part, by the respective statutes of limitations.  The Defendant's acts complained of by Plaintiff allegedly occurred on November 14, 2019; at the very latest, Plaintiff's rights of action, if any there are, accrued on January 1, 2020 (as alleged in Paragraph 38).  Plaintiff initially brought the instant claims against Defendant on July 7, 2021.  *AmeriSci v. Chan*, 3:21-cv-00437.  Plaintiff's action was abated by order of the Court on February 14, 2022.  Because Plaintiff's action was dismissed by abatement under Fed. R. Civ. P. 4(m), the pendency of the action does not work to toll the statute of limitations.  The limitations period for Counts II, V, and VI is two years, and, therefore ran on November 14, 2021, or, at the latest, ran on January 1, 2022, after Plaintiff's action was abated on February 14, 2022.  The current action was recommenced on June 22, 2022, after Plaintiff's claims in Counts II, V, and VI became time-barred.

115.    Plaintiff's Complaint contains demands for duplicative recovery and Plaintiff must elect among its alleged remedies.

116.    Plaintiff has not set out their claims in sufficient detail for Defendant to raise all appropriate defenses; therefore, Defendant reserves the right to raise and assert other or additional defenses as may become apparent in discovery.

117.    Plaintiff has failed to plead and cannot prove any intent of Defendant sufficient to meet its burden to show entitlement to attorney's fees or punitive damages.

118.    **WHEREFORE**, Defendant Enoch Chan, having answered each Paragraph, respectfully requests the Court to dismiss Plaintiff's Complaint *in toto* and with prejudice, to order Plaintiff to pay all costs, including reasonable attorney's fees, in defense of this action, and for such other and additional relief as the Court deems equitable and just.

**JURY DEMAND**

DEFENDANT ENOCH CHAN RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

Enoch Chan,

By: _____/s/ Matthew Crist_____
Matthew A. Crist, VSB No. 85922
mcrist@MACPLLC.net
Matthew A. Crist, PLLC
9200 Church St.
Suite 200
Manassas, VA 20110
Phone: (703) 665-7878
Direct: (571) 551-6859
***Counsel for Enoch Chan***